# BEATTIE PADOVANO, LLC

JAMES R. BEATTIE (NJ, NY, DC BARS)
RALPH J. PADOVANO (NJ, NY BARS)
MARTIN W. KAFAFIAN (NJ, NY, DC BARS)
ADOLPH A. ROMEI (NJ, NY BARS)
JOHN J. LAMB (NJ, NY BARS)
ANTIMO A. DEL VECCHIO (NJ, NY, DC BARS)
ROBERT A. BLASS (NJ, NY BARS)
IRA J. KALTMAN (NJ, NY BARS)
ARTHUR N. CHAGARIS+ (NJ, DC BARS)

COUNSEL TO THE FIRM
ROGER W. BRESLIN, JR. (NJ BAR)
THOMAS W. DUNN (NJ BAR)
JOSEPH A. RIZZI (NJ BAR)

OF COUNSEL
FRANCIS B. SHEEHAN (NJ, NY BARS)
DANA B. COBB (NJ, NY BARS)
BRENDA J. STEWART (NJ BAR)
IRA E. WEINER (NJ BAR)
ROBERT A. ORTIZ, JR. (NJ BAR)
EMERY C. DUELL (NJ, CA, NY BARS)
MARY ELLEN B. OFFER (NJ, NY BARS)

+Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

COUNSELLORS AT LAW
50 CHESTNUT RIDGE ROAD
P.O. BOX 244
MONTVALE, NEW JERSEY 07645-0244

(201) 573-1810

HACKENSACK AREA
(201) 489-3012

www.beattielaw.com

September 26, 2007

KATHLEEN S. COOK (NJ, NY, GA BARS)
STEVEN A. WEISFELD (NJ, NY BARS)
VANESSA R. ELLIOTT (NJ, NY BARS)

GREGG A. PADOVANO (NJ, DC BARS)
JAMES V. ZARRILLO (NJ, NY BARS)
JENNIFER BRETZ (NJ, PA BARS)
RENATA A. HELSTOSKI (NJ, NY BARS)
JEANETTE A. ODYNSKI (NJ, NY BARS)
DANIEL L. STEINHAGEN (NJ, NY BARS)
ANNALISA SIRACUSA (NJ, NY BARS)
CRISTIN M. KEEGAN (NJ, NY BARS)

FAX: (201) 573-9736 & (201) 573-9369

WRITER'S DIRECT ACCESS
Email: velliott@beattielaw.com
Direct Dial: (201) 799-2120

OUR FILE NO. 007612-001

*(Via ECF and First Class Mail)*
Hon. Miriam Goldman Cedarbaum
U.S. District Court Judge
Southern District of New York
U.S. Courthouse, Room 1330
500 Pearl Street
New York, NY 10007-1312

    Re:    Den Hollander v. Copacabana Nightclub, China Club, Guest House,
          AER Lounge, LLC, Lotus, Sol, and Jane Doe Promoters; Case No. 07-CV-5873,
          S.D.N.Y.

Dear Judge Cedarbaum:

    This firm represents AER Lounge, LLC ("AER") in defense of the above-referenced action. I write to request a conference with Your Honor and counsel to request permission to file a motion to dismiss the Complaint. Defendant AER would like to file a motion to dismiss on or before October 1, 2007 as its first responsive pleading and in lieu of an Answer.

    The Plaintiff's Complaint alleges that defendant nightclubs, including AER, have violated plaintiff's civil rights under 42 U.S.C. § 1983 by sponsoring within their nightclubs what are commonly referred to as "ladies' nights." However, the factual allegations made in the Complaint are insufficient as a matter of law to raise any question of fact as to whether defendants have acted under color of state law in sponsoring ladies' nights events. Moreover, plaintiff admits that he has suffered only nominal damages as a result of these ladies' nights events. Thus, plaintiff's Complaint clearly is not brought for any meaningful purpose and, in any case, is not warranted by existing law.

    "In order to recover on a § 1983 claim, a plaintiff must prove two essential elements: (1) [that] the conduct complained of was committed by a person acting under color of state law; and (2) [that] this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the

*Thirty-Seven Years of Service*

Hon. Miriam Goldman Cedarbaum
September 26, 2007
Page 2

United States." Comiskey v. JFTJ Corp. d/b/a Tops Bar & Grill, 989 F.2d 10007, 1010-11 (8th Cir. 1993). In Comiskey, the Court of Appeals expressly addressed the issue raised in this Complaint and held that a bar could not be held liable under section 1983 for regularly holding "Ladies Night" events that favor women over men as patrons because a bar's liquor license from the state does not provide a sufficient nexus between the bar and the state to equate the bar's actions with state action. Id. at 1011.

Comiskey relied upon the Supreme Court's decision in Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 171 (1971), which held that an all-white private club could not be held liable under section 1983 for refusing to serve a man based upon his race because the private club's actions do not equate with state action simply because the club holds a license to sell liquor from the state.

Likewise, in Hadges v. Yonkers Racing Corp., 918 F.2d 1079 (2d Cir. 1990), the Second Circuit held that the private owner of a race track can not be held liable under section 1983 based merely upon the fact that it holds a license from the State of New York to conduct racing and wagering events. Thus, it has been clearly and definitively determined that a private entity cannot be held liable under section 1983 as acting under color of state law simply because it holds a license from the State.

The Complaint in this matter relies solely upon the following facts to allege state action:

The defendants are nightclubs located in New York City, opened to the public, serve alcoholic and non-alcoholic beverages, their operations are entwined with the New York State Division of Alcoholic and Beverage Control and the New York City Consumer Affairs Department and nightclubs, along with New York State and the City, benefit from invidiously discriminating against the plaintiff class. The defendants' promoters act as agents for the nightclub. Complaint at ¶ 4.

Because plaintiff has alleged, and can prove, no set of facts which would grant him relief under the law, defendant AER Lounge, LLC, respectfully requests permission to file a motion to dismiss for failure to state a claim upon which relief can be granted, in lieu of filing an answer.

I thank you for your consideration of this request.

Very truly yours,

Vanessa R. Elliott

cc:   Roy Den Hollander, Esq., Plaintiff *(via ecf only)*
      Deborah Swindells Donovan, Esq., Counsel for Lotus *(via ecf only)*
      Thomas B. Wilinsky, Esq., Counsel for Nightlife Enterprises, L.P. d/b/a China Club *(via ecf only)*
      Adam B. Kaufman, Esq., Counsel for Sol *(via ecf only)*
      Charles B. Linn, Esq., Counsel for Copacabana *(via ecf only)*