UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

ROY DEN HOLLANDER,

                     Plaintiff,

- against-

COPACABANA NIGHT CLUB, CHINA CLUB,
GUEST HOUSE, A.E.R. NIGHTCLUB, SOL, and
JANE DOE PROMOTERS,

                     Defendants.
----------------------------------------------------------------- x

Case No.:07-cv-5873 (MGC)(KNF)

**AFFIRMATION OF VANESSA R. ELLIOTT IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

      **VANESSA R. ELLIOTT, ESQ.**, of full age, hereby affirms in accordance with 28 U.S.C. § 1746, as follows:

      1.    I represent defendant AER Lounge, LLC ("AER") in defense of the above-referenced matter. I submit this affirmation in support of defendant AER's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. .

      2.    The Plaintiff in this matter is an attorney duly licensed to practice law in the State of New York.

      3.    The Plaintiff's Complaint alleges that the defendants nightclubs, including AER, have violated plaintiff's civil rights under 42 U.S.C. § 1983 by sponsoring within their nightclubs what are commonly referred to as "ladies' nights."

      4.    The Complaint is not warranted or supported by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

-2-

5. As more fully explained in Defendant AER's Memorandum of Law, it has been clearly and definitively determined that a private club cannot be held liable under section 1983 as acting under color of state law simply because it holds a license from the State permitting it to serve alcohol.

6. The Complaint in this matter relies solely upon the following facts to allege state action:

> The defendants are nightclubs located in New York City, opened to the public, serve alcoholic and non-alcoholic beverages, their operations are entwined with the New York State Division of Alcoholic and Beverage Control and the New York City Consumer Affairs Department and nightclubs, along with New York State and the City, benefit from invidiously discriminating against the plaintiff class [sic]. The defendants' promoters act as agents for the nightclub. Complaint at ¶ 4.

7. The factual allegations made in the Complaint are insufficient as a matter of law to raise any question of fact as to whether defendants have acted under color of state law or as an agent for the State in sponsoring ladies' nights events.

8. Moreover, plaintiff admits that he has suffered only nominal damages as a result of these ladies' nights events. Thus, plaintiff's Complaint clearly is not brought for any meaningful purpose and, in any case, is not warranted or supported by the existing law.

9. For the foregoing reasons, it is respectfully requested that the Complaint be dismissed with prejudice, costs and legal fees.

486106_1\007612

-3-

I hereby affirm that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: September 28, 2007

/s/ Vanessa R. Elliott

―――――――――――――――――

By:   Vanessa R. Elliott (VE 4752)
      Counsel for Defendant AER Lounge, LLC
      Beattie Padovano, LLC
      50 Chestnut Ridge Road
      Montvale, New Jersey 07645
      Tel:   (201) 573-1810
      velliott@beattielaw.com