UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ROY DEN HOLLANDER,                                    Case No.:07-cv-5873 (MGC)(KNF)

                            Plaintiff,

      - against-

COPACABANA NIGHT CLUB, CHINA CLUB,
GUEST HOUSE, A.E.R. NIGHTCLUB, SOL, and
JANE DOE PROMOTERS,

                           Defendants.
-------------------------------------------------------------------- x


**MEMORANDUM OF LAW OF DEFENDANT AER LOUNGE, LLC
IN SUPPORT OF MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**


Dated:  September 28, 2007

Vanessa R. Elliott (VE 4752)
Counsel for Defendant AER Lounge, LLC
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel:    (201) 573-1810
velliott@beattielaw.com

486704_1\007612

i

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STANDARD REVIEW .......................................................................................................... 1

LEGAL ARGUMENT............................................................................................................ 2

CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

Cases                                                                                                   Page

Burton v. Wilmington Parking Auth., 365 U.S. 715 (1961) ................................................2

Cohen v. Koenig, 25 F.3d 1168(2d Cir. 1994) ........................................................................1

Comiskey v. JFTJ Corp. d/b/a Tops Bar & Grill, 989 F.2d 1007(8th Cir. 1993) ..................4

Conley v. Gibson, 355 U.S. 41 (157) ........................................................................................1

Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1081 (2d Cir. 1990) ..........................4,5

Jackson v. Metropolitan Edison Co., 419 U.S. 345 1974) ....................................................2

Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163 1993) ............1

Lugar v. Edmondson Oil Co., 457 U.S. 922 (1981) ..........................................................3,4

Moose Lodge No. 107 v. Irvis, 407 U.S. 163 (1971) .............................................................5

Mills v. Polar Molecular Corp. 12 F.3d 1170 (2d Cir. 1993)117 N.J. 376 (1990) ...............1

Scheuer v. Rhodes, 416 U.S. 232 (1974) ................................................................... 2

## OTHER

42 U.S.C. § 1983 ................................1,2

## PRELIMINARY STATEMENT

The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted because plaintiff has failed to allege any facts that would support a finding of state action on the part of the defendants, which finding is necessary to a discrimination claim brought under 42 U.S.C. § 1983. Plaintiff alleges only that defendant nightclubs, including defendant AER Lounge, LLC ("AER"), (1) regularly sponsor within their nightclubs what are commonly referred to as "Ladies' Night" events, and (2) hold a liquor license from the State of New York

Plaintiff makes no factual allegation that would support a finding that defendant AER, or any of the other defendants, was acting as an agent of the State of New York in holding a "Ladies' Night" event. Plaintiff relies solely upon the fact that defendant AER is licensed by the State of New York to sell alcohol to its customers. However, federal courts, including the United States Supreme Court, have definitively held that the holding of a license from a state agency alone, is not sufficient to support liability against a private party for discrimination under 42 U.S.C. § 1983.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to 12(b)(6) of the Fed. R. Civ. P., the Court must accept as true the factual allegations in the complaint and draw all reasonable inferences in favor of the pleader. Leatherman v. Tarrant Cnty. Narcotics & Coordination Unit, 507 U.S. 163, 165 (1993); Mills v. Polar Molecular Corp. 12 F.3d 1170, 1174 (2d Cir. 1993). Dismissal is proper only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (157); Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). The issue that must be determined by the Court

1

reviewing a motion to dismiss "is not whether a Plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## LEGAL ARGUMENT

The Plaintiff's complaint and the factual allegations contained therein are insufficient as a matter of law to state a claim for discrimination against defendant AER, a privately owned company which operates a nightclub. The allegations contained in the Complaint -- assuming for purposes of this motion only that they are all true -- do not support a claim that defendant AER is acting under color of state law in sponsoring 'Ladies' Night' events. Plaintiff relies solely upon the fact that defendant AER, and the other defendants, are licensed by the State of New York to sell liquor to their customers and that they do so during the Ladies Night events. This allegation is insufficient as a matter of law to support a claim of discriminatory state action on the part of a private party.

> To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must establish that he suffered a violation of a constitutional right and that the violation was committed under color of state law. 42 U.S.C. 1983. Private conduct qualifies as state action when 'the state has so far insinuated itself into a position of interdependence with [the private party-defendant] that it must be recognized as a joint participant in the challenged activity, Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961), or when 'there is a sufficiently close nexus between the State and the challenged action' that the private party's action 'may be fairly treated as that of the State itself,' Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).

Hadges v. Yonkers Racing Corp., 918 F.2d 1079, 1081 (2d Cir. 1990).

In Hadges, the Second Circuit affirmed the District Court's ruling that a state-licensed racetrack cannot be deemed a state actor for purposes of section 1983 simply because it holds a license from the State of New York. Id. at 1084. In the instant case, the plaintiff makes no allegation – nor could he – that the State of New York is a 'joint participant' or that there is a

2

sufficiently close nexus between the State and defendant AER's 'Ladies Night' events, simply because the defendant holds a liquor license from the State.

Indeed, the State is substantially more involved in the operation of a racetrack than it is in the operation of a nightclub. In Hadges, the State collected a tax on the admission price paid at the door by patrons; it retained the exclusive power to license all of the personnel who worked and/or competed at the track from vendors to veterinarians; it supervised the gambling activities, including all of the financial aspects of the gambling; and it collected substantial revenues from the track and gave the track tax credits. Id. at 1081-82. In addition, in Hadges the Court assumed for purposes of argument that the Yonkers Racetrack did have a monopoly on harness racing in the New York metropolitan area as alleged by the plaintiff. Id. at 1084.

Despite the State's extensive oversight and involvement in the racetrack's activities and the fact that the track maintained a monopoly at that time over the harness racing industry in the metropolitan area, the Court in Hadges still determined that the State had no 'symbiotic relationship' with the track and could not be said to be acting jointly, or to have a 'close nexus,' with the track in connection with the track's determination that the plaintiff would no longer be permitted to participate there in racing activities. Id. at 1082-84. This was because (1) Yonkers Raceway was purchased and is maintained by private, not public, dollars, (2) the State lacked a direct financial stake in the business, and (3) the State's officers were not involved in the track's private decision to not permit the plaintiff to continue competing and working there. Id.

In the instant case, plaintiff has not alleged any facts that would support a finding of a symbiotic relationship or close nexus between the State and defendant AER's 'Ladies Night' events. He simply relies upon the fact that the State issues a liquor license to AER. This clearly is insufficient to state a claim upon which relief can be granted. Indeed, in Comiskey v. JFTJ

3

Corp. d/b/a Tops Bar & Grill, 989 F.2d 1007, 1011 (8th Cir. 1993), the Court of Appeals addressed the specific factual issue raised in this case. The Court there held that a bar can not be held liable under section 1983 simply for holding "Ladies Night" events that favor women over men as patrons, while at the same time serving liquor pursuant to a state liquor license. Id. This is because holding a liquor license from a state agency does not, by itself, provide a sufficient nexus between the bar and the State to equate the bar's actions with "state action." Id. at 1011.

"In order to recover on a § 1983 claim, a plaintiff must prove two essential elements: (1) [that] the conduct complained of was committed by a person acting under color of state law; and (2) [that] this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id. at 1010-11. The test for determining whether or not a private party's conduct was "under color of state law" is "whether the private citizen's actions can be 'fairly attributable to the State.'" Id. at 1010 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1981)).

> In Lugar, the Supreme Court summarized a two-part definition of the phrase "fairly attributable to the State." [citation omitted] First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor. For example, a state actor could be a state official or a private party who has acted together with or has obtained significant aid from state officials. Id.

In the instant case, plaintiff makes no allegation – nor could he – that the defendants have acted together with the State or that they have obtained significant aid from the State in connection with their allegedly discriminatory Ladies' Night events. Thus, assuming for purposes of this motion only that the 'Ladies Night' events are discriminatory against men, defendant AER's 'Ladies Night' events do not violate plaintiff's constitutional rights because these events do not constitute state action.

4

Comiskey relied also upon the Supreme Court's decision in Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 171 (1971), which held that an all-white private club could not be held liable under section 1983 for refusing to admit a man based upon his race because the private club's actions do not equate with state action simply because the club holds a license from the state to sell liquor. In Hadges, the Second Circuit likewise relied upon Moose Lodge for the proposition that the "symbiotic relationship test [is] not satisfied where [the] site of the challenged action [is] owned by a private party." Hadges, 918 F.2d at 1082. Thus, it has been clearly and definitively determined by the federal courts that a claim cannot be stated against a private entity under section 1983 simply because the private entity holds a license from the State and engages in allegedly discriminatory conduct.

The Plaintiff's Complaint in this matter relies solely upon the following conclusory allegation to support an inference of state action:

> The defendants are nightclubs located in New York City, opened to the public, serve alcoholic and non-alcoholic beverages, their operations are entwined with the New York State Division of Alcoholic and Beverage Control and the New York City Consumer Affairs Department and nightclubs, along with New York State and the City, benefit from invidiously discriminating against the plaintiff class [sic]. The defendants' promoters act as agents for the nightclub. Complaint at ¶ 4.

Plaintiff makes no factual allegation that could support a finding that the State of New York or the City of New York are "entwined" with the defendants. He makes no factual allegation that the State or City participated in the decision to conduct 'Ladies Night' events, or that they reaped from, or provided to, defendants any financial or other benefit from the 'Ladies Night' events. Plaintiff also makes no factual allegation that could support a finding that any State or City regulation or statute governing AER's activities was intended either overtly or covertly to encourage discrimination against him because

5

he is a manor that the State or City played a part in establishing or enforcing the alleged discriminatory practice against him or against men in general.

## CONCLUSION

For the foregoing reasons, defendant AER Lounge, LLC respectfully requests that the Complaint be dismissed with prejudice, costs and legal fees.

/s/ Vanessa R. Elliott

---

Vanessa R. Elliott (VE 4752)
Counsel for Defendant AER Lounge, LLC
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel: (201) 573-1810
velliott@beattielaw.com