UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Roy Den Hollander,

              Plaintiff on behalf of himself           Docket No. 07 CV 5873 (MGC)
              and all others similarly situated,       ECF

     -against-

                                     **PROPOSED**
Copacabana Nightclub,                    **CASE MANAGEMENT PLAN**
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

              Defendants.
--------------------------------------------------------x

       The following proposed case Schedule resulted from a Rule 26(f) conference in which

the plaintiff class and defendants Copacabana, Lotus and Sol participated.  China Club and the

plaintiff class are in settlement discussions, Guest House is awaiting voluntary dismissal, and

A.E.R.'s attorney, Vanessa Elliott, did not participate in the Rule 26(f) conference.


Proposed Schedule

Joinder of additional parties by:  two weeks after the completion of depositions.

Amend the pleadings by:  Plaintiff requests adherence to Rule 15.

                          The three participating defendants request adherence to Rule 15(a).

Class certification motion, assuming there is no discovery on the class issues, by:

                          Plaintiff requests November 15, 2007,

                          The three participating defendants will present their position at the
                          October 16th conference.

All motions other than summary judgment by:  May 2, 2008.

All discovery to be completed by:  April 11, 2008.

Joint Pre-Trial Order to be submitted by:  60 days before Trial.

Final Pre-Trial Conference:  14 days before Trial.

Trial:  October 2008

Proposed Discovery Plan

      The following is the proposed discovery plan of the plaintiff class only. It has not been consented to by any of the defendants.  The plaintiff class attorney provided all the defendants with a copy for their input and comments in order to negotiate a single joint discovery plan, but none of the defendants responded.

1.  Description of the case:

      This is a Fed. R. Civ. P. 23(b)(2) class action, civil rights case brought pursuant to 42 U.S.C. 1983 for violations by the defendants of the equal protection rights of a class of men as guaranteed by the 14th Amendment to the U.S. Constitution.

      Plaintiff Class Claims:  The plaintiff class claims the defendant nightclubs and promoters invidiously discriminate against males 18 years or older on certain nights commonly known as "Ladies' Nights"[1] by charging males more for admission than females or giving males less time than females to enter a nightclub for free or at a reduced price.  The complaint alleges such conduct violates the equal protection clause of the 14th Amendment to the U.S. Constitution.

      This suit is brought under the civil rights statute 42 U.S.C. 1983 and claims the defendants' operate under the color of state law because of the entwinement of the New York

---

[1] Ladies Nights are defined as those nights when defendant clubs charge males 18 years old or older more for admission than the clubs charge females or give males less time than females to enter defendant clubs for free or at a reduced price.

State Division of Alcoholic and Beverage Control ("ABC") and the New York City Department

of Consumer Affairs ("DCA") in the defendants' activities.  The defendants' discrimination

based on sex does not substantially serve an important interest and is, therefore, invidious in

nature.

The complaint requests class certification under Fed. R. Civ. P. § 23, a declaratory

judgment, an injunction to prevent such practices in the future, and nominal damages pursuant to

Fed. R. Civ. P. § 23(b)(2).

Defendants Defenses and Counter Claims:  None of the defendants provided such for this

Discovery Plan.

2.  Counsel:

Plaintiff Class:

> Roy Den Hollander
> Attorney for plaintiff class
> 545 East 14 Street, 10D
> New York, NY 10009
> (917) 687 0652

Defendants:

> Charles B. Linn, Esq.
> Attorney for defendant Copacabana
> 901 North Broadway
> North White Plains, N.Y. 10603
> (914) 949-4200

> Thomas B. Wilinsky, Esq.
> Biancone & Wilinsky, LLP
> Attorneys for defendant China Club
> 230 Park Avenue, Suite 606
> New York, N.Y. 10169
> (212) 661-1888

> Guest House
> 532-542 West 27 Street
> New York, N.Y. 10001-5506

Vanessa R. Elliott, Esq.
Beattie Padovano, LLC
Attorneys for defendant A.E.R. Lounge
50 Chestnut Ridge Road
Montvale, NJ 07645
(201) 573-1810

Deborah Swindells Donovan, Esq.
Gordon & Rees, LLP
Attorneys for defendant Lotus
90 Broad Street, 23rd Floor
New York, N.Y.  10004
(212) 269-5500

Adam Kaufman, Esq.
Robert S. Grossman, Of Counsel
Adam B. Kaufman & Associates, PLLC
Attorneys for defendant Sol
585 Stewart Avenue, Suite 302
Garden City, N.Y. 11530
(516) 228-8823

3.  Disclosures:

Disclosures as required by Fed. R. Civ. P. § 26(a) were served by the plaintiff class on

September 24, 2007.  No mandatory Rule 26(a) disclosures have been made by any of the

defendants as of September 29, 2007.

Disclosure of electronically stored information will be made as follows:  on DVD-R or

CD-R disks, with each document identified by date/time rather than bate number, and each disk

accompanied with a letter as to which program or programs can open the e-documents.

4.  Discovery:

A.  The following are subjects on which discovery may be needed:

By the plaintiff class:

<u>Class certification</u>

- Identifiable class,

- Number of class members over 40,

- Common factual issues among class members,

- Conduct of the defendants, defendants' employees, defendants' agents, defendants' surrogates, and defendants' independent contractors as generally applicable to the entire class.

  o Promoters are employees, agents, independent contractors, or surrogates of the clubs.

Under color of state law or state action

- Extent and nature of ABC and DCA regulation of the defendant nightclubs, including but not limited to

  o public interest in regulating defendant nightclubs,

  o extent and nature of contacts between ABC and DCA and defendant nightclubs,

  o benefits received by the defendant nightclubs from ABC and DCA,

  o the benefits received by New York State and New York City from regulation of defendant nightclubs,

  o encouragement of or acquiescence in discriminatory activity by ABC and DCA,

  o defendant nightclubs are public accommodations,

  o defendant nightclubs essentially perform a public function, and

  o other incidents of entwinement between ABC and DCA and defendant nightclubs.

<u>Invidious discrimination</u>, including but not limited to

- Legal and business relationships between the defendant clubs and their promoters;

- Promoters are employees, agents, independent contractors, or surrogates of the nightclubs;

- Defendant nightclubs determine or have the power to determine admission practices to their premises;

- Defendant nightclubs are aware of the admission practices at their club;

- Defendant nightclubs and promoters discriminate, condone, facilitate, assist, or are responsible for discrimination based on sex in admitting the public to Ladies Nights at their clubs;

- Defendant nightclubs and promoters' discriminatory practices do not substantially serve an important governmental purpose; and

- Females are not economically disadvantaged as compared to males either today or in the past.

Discovery by the defendants:  None of the defendants provided such for this Discovery Plan.

B.  Discovery of electronically stored information will be handled as follows: electronically stored information will be provided in response to document requests, be contained on DVD-R or CD-R disks, each document will be identified by date and time created, and a letter will state which programs open each document.

C.  The defendants have not responded to the plaintiff class' proposal for asserting claims of privilege or of protection as trial preparation material, so the plaintiff will adhere to the following procedure:  assertion of privilege or protection will be by letter to opposing counsels identifying each individual document and e-information document and will provide a sufficient

description so that opposing counsels and the Court can determine whether the document is protected.

5.  Settlement Potential:

Following the Rule 26(f) conference, it appears that there is no possibility of a settlement with the three participating defendants at the conference:  Copacabana, Lotus and Sol. Settlement talks with China Club look positive and are continuing.  A.E.R.'s attorney has submitted a Rule 12(b)(6) motion to dismiss that is returnable October 25th, so it is assumed that there is no possibility of settlement with A.E.R.

Dated: New York, N.Y.
        September 29, 2007

                                        Plaintiff Class:

                                        /S/
                                        _____
                                        Roy Den Hollander (RDH 1957)
                                        Attorney for plaintiff class
                                        545 East 14 Street, 10D
                                        New York, NY 10009
                                        (917) 687 0652