UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself
        and all others similarly situated,

   -against-

Copacabana Nightclub,
China Club,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

       Defendants.
------------------------------------------------------------x

Docket No. 07 CV 5873 (MGC)
ECF

**AFFIRMATION IN SUPPORT OF DISQUALIFICATION OF JUDGE CEDARBAUM**

    I, Roy Den Hollander, an attorney admitted to practice in the State of New York and the U.S. Southern District Court of New York, affirm under the penalty of perjury in accordance with 28 U.S.C. § 1746 the following:

    1.  I am the named plaintiff and attorney who filed this civil rights, 42 U.S.C. § 1983, class action, Fed. R. Civ. P. 23(b)(2), for the violation of the 14th Amendment equal protection rights of a class consisting solely of men, including myself, who were charged more for admission than females by the defendant nightclubs or given less time than females to enter the defendant clubs for free or at a reduced price.  This discriminatory practice is commonly referred to as "Ladies' Nights."

    2.  Judge Cedarbaum directed counsel for all parties or the parties to attend a Case Management and Scheduling Conference pursuant to Fed. R. Civ. P. 16 on October 16, 2007.

    3.  On Friday at 4:46 PM, September 28, 2007, defendant A.E.R. Lounge, LLC ("AER") electronically served and filed with the Court a Rule 12(b)(6) motion to dismiss this civil rights,

1

class action. The return date for oral argument was October 25th, which, under Judge Cedarbaum's rules, gave the plaintiff-attorney acting on behalf of the putative class until noon on October 17th to provide the Court and defendants with opposition papers.

4. On Monday afternoon on October 1st, three days after receiving AER's motion to dismiss, Judge Cedarbaum's office contacted the plaintiff-attorney acting on behalf of the class of men to inform him that the Judge was moving up the Scheduling and Case Management Conference to October 9th. Various defendants could not make that date, and the Conference was finally set by Judge Cedarbaum's office for Wednesday at 10:30 AM, October 3rd.

5. At the October 3rd Conference, rather than focusing the discussion on Case Management and Scheduling matters, Judge Cedarbaum used most of the 40 minutes of the Conference to grill with unequivocal animosity the plaintiff-attorney acting on behalf of the class about the arguments and authorities presented in AER's motion to dismiss that was served just five days earlier.

6. The plaintiff-attorney had no notice that the subject matter of the October 3rd conference was going to focus on the arguments and authorities presented by defendant AER in its request for dismissal of this civil rights class action on behalf of men. According to Judge Cedarbaum's rules, the plaintiff-attorney had until October 17th to complete his legal research and write an opposition memorandum, and would then have until October 25th to prepare for an oral hearing on AER's motion to dismiss.

7. Judge Cedarbaum short circuited the time her own rules provided for the preparation of the class' opposition to AER's motion to dismiss.

8. The factual inference is that by requiring the plaintiff-attorney to argue AER's motion to dismiss without reasonable notice was fundamentally unfair, and created the appearance that

Judge Cedarbaum was motivated by sexual bias, sexual prejudice, and partiality toward the class of men on whose behalf the male named plaintiff brought this suit.

9. During the October 3rd Conference, Judge Cedarbaum refused to appoint the plaintiff-attorney acting on behalf of the class as interim class counsel, which, in the Judge's words, turned a putative class action into a *pro se* action.

10. Judge Cedarbaum communicated that since the plaintiff-attorney who filed the case on behalf of the class of men was now *pro se*, it was likely he would not have an opportunity to an oral hearing to argue against AER's or any other defendants' motion to dismiss because her Rules (3. Motions D.) do not allow oral argument on *pro se* maters. The plaintiff-attorney would still be able to submit opposition papers as a *pro se* plaintiff.

11. The factual inference is that Judge Cedarbaum considered the October 3rd Conference as the plaintiff-attorney and the class of men he was acting on behalf of as their only chance to orally argue against AER and any other defendant's motion to dismiss, even though the other defendants had not yet filed their motions to dismiss.

12. During the October 3rd Conference's argument over AER's motion to dismiss, Judge Cedarbaum repeatedly interrupted and cut off the plaintiff-attorney's responses to her questions in the manner reminiscent of the talk show host Chris Matthews, which further handicapped the plaintiff-attorney's efforts to fight for a suit aimed at eliminating a form of invidious discrimination against men and himself.

13. At one point during the overly antagonistic interrogation on AER's motion to dismiss, Judge Cedarbaum resorted to a personal and professional insult of the plaintiff-attorney acting on behalf of the class by calling into question in a mocking fashion whether the plaintiff

3

was an attorney at all.  At this point the plaintiff-attorney requested the Judge disqualify herself, which she denied to do.

14.  Unfortunately the Conference was not recorded, as is the general policy of Judge Cedarbaum, but the lack of proper notice, the uncalled personal and professional insult, the repeated cutting-off of answers, the disdainful disregard for the plaintiff-attorney's arguments, and the jockeying by the Court to reduce a class action on behalf of thousands of men to a *pro se* case brought by a lone, individual man creates the appearance that Judge Cedarbaum, whether true or not, is biased and prejudiced against men and creates a perception that she is not impartial in these proceedings.

15.  This affirmation has been made in good faith.

Dated: New York, NY                                                    /S/
       October 7, 2007                                      _____
                                                            Roy Den Hollander (RDH 1957)
                                                            545 East 14 Street, 10D
                                                            New York, NY 10009
                                                            (917) 687 0652