UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

               Plaintiff on behalf of himself
               and all others similarly situated,        Civil Action No. 07 CV 5873 (MGC)


      -against-


Copacabana Nightclub,
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,


               Defendants .
------------------------------------------------------------x




## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGE CEDARBAUM

**PRELIMINARY STATEMENT**

Plaintiff's Motion To Disqualify Judge Cedarbaum as biased against men is baseless and unconscionable. This motion is nothing more than a transparent attempt to escape a judge who has questioned the appropriateness of hearing Plaintiff's Complaint in federal court on jurisdictional grounds. During the Initial Pretrial Conference, as many federal judges do, Judge Cedarbaum asked Plaintiff about his lawsuit. Primarily, she properly asked Plaintiff numerous questions about whether his case, claiming gender discrimination against private nightclubs, properly was brought in federal court under Title 42, United States Code, Section 1983. That statute authorizes discrimination lawsuits only where there is state action. There is a legal question as to whether the requisite state action exists in this case simply because the nightclubs are highly regulated by the State of New York. That is Plaintiff's position but there is substantial case law to the contrary, which Judge Cedarbaum appropriately raised.

Plaintiff absurdly mischaracterizes this questioning of the jurisdiction of his motion as premature "oral argument" on a motion to dismiss filed by Defendant AER, which challenges the jurisdictional basis for Plaintiff's case. He claims he was not given fair notice that the motion would be argued, despite the fact that it was not argued. Defendant AER did not argue the merits of its motion at all, while Plaintiff was given substantial opportunity to present his legal arguments in opposition to the topic.

It is undeniable that Plaintiff is appearing *pro se*. Likewise, it is undisputed that no class has been certified yet. Thus, Judge Cedarbaum correctly addressed the present status of the case. Plaintiff nonetheless speculates that she denied his request to be appointed as interim class counsel in order to deny him an opportunity to argue his case orally in the future, in light of Judge Cedarbaum's rule that she does not hear oral argument in *pro se* cases. Of course, there are no facts upon which to conclude this was her reason; it well could have been Plaintiff's conduct in court, which was far less than exemplary.

2

Indeed, Plaintiff continuously cut the Judge off, raising his voice to speak over her. Somehow, he reverses this fact, asserting instead that the Judge was cutting him off. She has every right to stop a litigant appearing before her from continuing and such a trivial incident cannot possibly warrant disqualification. The same is true of Plaintiff's mischaracterization of the Court's attitude toward him as disdainful. First, this is his self-serving opinion. Second, he essentially is arguing that because Judge Cedarbaum disagreed with him, based on her knowledge of legal authority contradicting his position, she was disdainful toward him. Plaintiff cannot prohibit a judge who disagrees with him on the proper interpretation of the law in a transparent effort to forum-shop until he gets a judge more to his liking, *i.e.*, male and sympathetic to his crusade to eliminate Ladies Nights as discriminatory against men

## ARGUMENT

As the Second Circuit Court of Appeals has stated, 'a judge is as much obliged not to recuse [her]self when it is not called for as [s]he is obliged to when it is.'" *Aguinda v. Texaco, Inc.,* 241 F.3d 194, 201 (2d Cir. 2001)(citation omitted). Not surprisingly, Plaintiff fails to mention this significant judicial obligation in his motion. Yet this is the standard against which Plaintiff's trivial and largely imagined slights by Judge Cedarbaum must be measured. He falls woefully short of demonstrating that Judge Cedarbaum should relinquish her responsibilities as a District Court judge because of his petty complaints.

Furthermore, in a case relied upon by Plaintiff, the court emphasized that the recusal statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)(citations and internal quotations omitted).

Motion at 2.1  Yet this is precisely what Plaintiff is attempting to do here---disqualify Judge

Cedarbaum on an entirely unsubstantiated allegation of personal bias against men.

I.    **PLAINTIFF WAS NOT DEPRIVED OF NOTICE THAT THE MERITS OF HIS CASE MIGHT BE QUESTIONED DURING THE CONFERENCE**

Federal court judges often expect litigants to be prepared to address the merits of their

case during an Initial Pretrial Conferences, such as that held by Judge Cedarbaum in this case

at the October 3, 2007 conference (the "Conference"). Donovan ¶ 2.  This is precisely what the

Judge did.  Such a normal practice hardly provides credible grounds to disqualify her from the

case. The *Nichols* case expressly dismisses this type of inquiry as justifying recusal.  In listing

some examples of judicial conduct not requiring recusal is "mere familiarity with the defendant(s)

or the type of charge, or kind of defense presented." 71 F.3d at 351.

Rather, Judge Cedarbaum, consistent with many judges' practice at initial conferences,

demonstrated familiarity with the defense raised in Defendant AER's Motion To Dismiss.

Donovan ¶ 3.  Based on her understanding of the relevant case law, Judge Cedarbaum asked

Plaintiff to address the jurisdictional question as to whether Title 42, United States Code,

Section 1983 authorizes Plaintiff to file this lawsuit, alleging that private nightclubs which hold

"Ladies' Nights" as a promotion to encourage higher attendance, constitutes gender

discrimination.  *Id.*

In general, plaintiffs may not challenge private action by means of Section 1983.  There

must be state action, which on the face of the Complaint, appears to be absent in this case.

Judge Cedarbaum appropriately asked questions of Plaintiff concerning whether extensive

regulation by the State of New York is sufficient to convert the acts of private nightclubs into

---

1 "Motion at ___" refers to the Memorandum of Law submitted by Roy Den Hollander in support of his motion to disqualify Judge Cedarbaum. "Plaintiff ¶ ___" refers to his supporting Affirmation, dated October 7, 2007. "Donovan at __" refers to the Declaration of Deborah Swindells Donovan, dated October 24, 2007 and submitted in opposition to Plaintiff's disqualification motion.

state action. *Id.*; Donovan ¶ 8.

Plaintiff's suggestion that he was ambushed because initial conferences should be limited to case management and scheduling orders is preposterous. Plaintiff ¶ 5; Donovan ¶ 2. Indeed, the entire idea that Judge Cedarbaum engaged in some sort of conspiracy to deprive Plaintiff of his right to argue that the Court does have jurisdiction in this case, in opposition to Defendant AER's motion, can only be explained as a figment of his imagination. Plaintiff ¶¶ 4-8.

There is absolutely nothing but conjecture to support his assertion that the Court tried to catch him unprepared to address the merits of his case or respond to AER's jurisdictional motion. *Id.* In any event, Plaintiff was not unprepared; he argued his position at length and Judge Cedarbaum permitted him to speak for a substantial period of time. Donovan ¶ 4.

Further, the Court set a return date of November 29, 2007 for all the jurisdictional defense motions. According to Judge Cedarbaum's individual practice rules for motions, therefore, the motions must be filed by November 7, 2007. Plaintiff then will have an opportunity to oppose all defense motions at once, by November 21, 2007, rather than submitting one opposition to the motion already filed by AER (the opposition deadline for that motion would have been October 16, 2007) and then file additional piecemeal oppositions to the other defense motions expected to be filed. Donovan ¶ 7. Judge Cedarbaum did not "short circuit" Plaintiff's time to oppose AER's motion, despite Plaintiff's assertion otherwise. Plaintiff ¶ 7. Instead, she actually provided him with more time to submit written papers than he otherwise would have had. Donovan ¶ 7.

Again, Plaintiff's own case belies the validity of resting his disqualification motion on such speculation. Included in the *Nichols* court's examples of conduct that did not warrant disqualification is: " [r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters." 71 F.3d at 351. Plaintiff's doomed and imaginary conspiracy theory falls squarely within this category of situations that do not call for recusal.

5

## II.    THE JUDGE DID NOT DEMONSTRATE ANIMOSITY OR DISDAIN OF ANY KIND DURING THE DISCUSSION OF THE JURISDICTIONAL ISSUE FUNDAMENTAL TO PLAINTIFF'S CASE

The oral exchange between Judge Cedarbaum and Plaintiff on a fundamental question of law, namely the Court's jurisdiction, absolutely did not exhibit any animus, antagonism or disdain on the Judge's part toward Plaintiff or men in general. Plaintiff ¶¶ 5, 13, 14. On the contrary, when Plaintiff identified two lower court decisions in support of his position, Judge Cedarbaum invited him to send her those cases, thereby demonstrating her receptiveness to legal authority that supported Plaintiff's position. Donovan ¶ 8. She did this despite Planitiff's gender.

Moreover, Plaintiff's characterization of the Judge as "repeatedly interrupt[ing] him and cut[ting him] off" is inaccurate. Plaintiff ¶ 12. Rather, it was Plaintiff who repeatedly interrupted Judge Cedarbaum, raising his voice in an effort to keep the Judge from finishing her remarks. Donovan ¶ 9. In any event, even if it occurred as Plaintiff contends, which it did not, this is not a legitimate basis for recusal either.

Again, Plaintiff relies on an inapposite case, which describes a judge's conduct during a trial. *Liteky v. United States,* 510 U.S. 540 (1994). Motion at 2. There, the United States Supreme Court explicitly held that the judge's "anti-defendant tone" and his "cutting off of testimony" did not demonstrate bias nor necessitate recusal. *Liteky,* 510 U.S. at 1157-58. Instead, the court characterized such behavior, including "ordinary admonishments" to the defense lawyers, as part of typical "judicial proceedings," and held it did not rely "upon knowledge acquired outside such proceedings nor...display[ ] "deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* at 1158. Judge Cedarbaum's judicial admonishments, therefore, cannot constitute valid grounds for recusal either.

### III.    AN ADVERSE RULING LIKEWISE FAILS TO SUPPORT RECUSAL

Plaintiff offers an extraordinarily convoluted assertion based on Judge Cedarbaum's denial of Plaintiff's application to serve as interim class counsel and her observation that he was appearing *pro se*.  But this was simply a judicial ruling that Plaintiff did not like.  Regardless, Plaintiff seeks to twist this straightforward judicial ruling that the Court somehow improperly "reduce[d] a class action on behalf of thousands of men to a *pro se* case brought by a lone, individual man." Plaintiff ¶ 14.  As a matter of law, Plaintiff is representing himself in this case; thus he is *pro se*.  Further, no class has been certified.  Thus, this is not yet a class action. Donovan ¶ 5. The Court's comments on the status of the case accurately reflect its current procedural posture.  *Id.* They do not reflect Judge Cedarbaum's views on the merits of the case, despite Plaintiff's baseless assumption that these comments somehow demean the lawsuit. Plaintiff ¶¶ 9,14.  Plaintiff cannot possibly be arguing that her ruling against him is evidence of bias and warrants his motion to disqualify the Judge.

But, even if he were presenting such an absurd argument, it has been expressly rejected by the United States Supreme Court.  "Not *all* unfavorable disposition towards an individual (or his case) is properly described by [the pejorative] terms [of bias and prejudice]." *Liteky*, 510 U.S. at 1155 (emphasis in original).

Additionally Plaintiff futilely tries to convert this adverse judicial ruling into a sinister effort to rob Plaintiff of his opportunity to present oral argument in opposition to the defense motions to dismiss.  Plaintiff ¶¶ 9-11.  Presumably this is part of his conspiracy theory that supposedly robbed him of adequate notice to argue against Defendant AER's motion.

This equally convoluted argument rests on the Judge's individual rules, which do not provide for oral argument of motions in *pro se* cases.  But the Court did not definitively state she would not hold oral argument in this case, where Plaintiff is *pro se* but also is a lawyer admitted to practice in this State. Donovan ¶ 5. Before appointing class counsel, interim or otherwise,

the question of jurisdiction must be resolved to determine whether the case will continue or be dismissed. There is nothing but Plaintiff's imagination to support the assertion that she had ulterior motives in denying his application to serve as interim class counsel. *Id.*

But, as previously stated, " [r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are insufficient to support an order recusing Judge Cedarbaum. *Nichols,* 71 F.3d at 351.

## IV.    THERE IS ABSOLUTELY NO EVIDENCE OF GENDER BIAS ON THE PART OF JUDGE CEDARBAUM

In determining whether there may be an appearance of impropriety, courts do not look to "what a straw poll of the only partly informed man-in-the-street would show, but by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all the relevant facts would recuse the judge." *LoCascio v. United States,* 473 F.3d 493, 496  (2d Cir. 2007) (citing *United States v. Bayless,* 201 F.3d 116, 126-27, *cert. denied,* 529 U.S. 1061 (2000)).  Given the foregoing facts, no reasonable person conceivably could conclude that Judge Cedarbaum is biased against males or that it appears she is so prejudiced.

Plaintiff's accusation that Judge Cedarbaum "was motivated by sexual bias, sexual prejudice, and partiality toward the class of men on whose behalf the male named plaintiff brought this suit" is fantasy. Plaintiff ¶ 8. Nothing was said by the Court that possibly could be construed as reflecting discriminatory animus against men. Donovan ¶ 10. The conference focused solely on the jurisdictional question, not the substance of whether "Ladies Nights" discriminate against men.  The accusation that the Judge is sexually biased or prejudiced against men is merely self-serving speculation, which cannot support a recusal motion.

This speculation stands in stark contrast to Plaintiff's unrelenting bias against females. Perhaps Plaintiff would prefer a male judge, given his negative stereotypes of women on the

Internet, frequently referring to them as "feminazi." The attached Exhibit A includes examples of Plaintiff's invective against women. It is my understanding these "articles" appeared on the Internet. Donovan ¶ 11. These articles are entirely consistent with other diatribes by Plaintiff that have appeared on the Internet. *Id.* Furthermore, they are evidence that it is Plaintiff who is sexually biased, not Judge Cedarbaum. Indeed, the articles suggest Plaintiff is challenging Judge Cedarbaum's impartiality simply because she is female, a most inappropriate use of the judicial system.

Plaintiff's incredibly frivolous motion should be summarily dismissed. He has not produced a shred of evidence in support of his efforts to have Judge Cedarbaum recuse herself. Given the case law that Plaintiff himself cited, he knew or should have known that his motion was completely deficient. Thus, his filing the motion should be sanctioned by this Court.

## CONCLUSION

For all the foregoing reasons, Defendant Lotus respectfully requests that this Court deny Plaintiff's motion for disqualification of Judge Cedarbaum in its entirety, and award such other relief as the Court deems appropriate.

Dated:      New York, New York
            October 24, 2007

Respectfully submitted,

GORDON & REES, LLC

By:

Deborah Swindells Donovan, Esq. (DD 3121)
Attorneys for Defendant Lotus
90 Broad Street
23rd Floor
New York, New York  10004
(212) 269-5500

9