UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself
        and all others similarly situated,        Civil Action No. 07 CV 5873 (MGC)

  -against-

Copacabana Nightclub,
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants .
----------------------------------------------------------------x

## DECLARATION OF DEBORAH SWINDELLS DONOVAN IN OPPOSITION TO PLAINTIFFS MOTION TO DISQUALIFY JUDGE CEDARBAUM

    Deborah Swindells Donovan, an attorney duly admitted to practice in theState of New York, hereby affirms the following under the penalty of perjury:

    1.    I am a partner with the law firm of Gordon & Rees, L.L.P., counsel for Defendant Lotus, one of the nightclubs named in the within action. As counsel for Lotus, I am fully familiar with the facts set forth herein. This Declaration is submitted in opposition to the frivolous Motion To Disqualify Judge Cedarbaum, filed by Plaintiff Roy Den Hollander on or about October 7, 2007. I attended the October 3, 2007 Initial Pretrial Conference (the "Conference") that Plaintiff unsuccessfully submits provides a basis for his motion to disqualify Judge Cedarbaum.

    2.    In my twenty-four years as a practicing attorney, who appears primarily in federal court, Plaintiff's contention that he "had no notice that the subject matter of the [Conference] was

going to focus on" the Motion To Dismiss filed by Defendant AER (Plaintiff ¶ 4),1 is at best disingenuous. At such initial conferences, many judges discuss the merits of a case and ask the parties to justify the positions they are taking. An attorney appearing at such conferences is expected to be able to answer substantive questions about the case. There certainly is no authority to support the novel suggestion made by Plaintiff that such a conference is limited to discussion only of case management and scheduling orders. Plaintiff ¶ 5.

3. Judge Cedarbaum, consistent with this practice, merely pointed out that there was a jurisdictional question as to whether Title 42, United States Code, Section 1983 authorizes Plaintiff to file this lawsuit, alleging that private nightclubs which hold "Ladies' Nights as a promotion to encourage higher attendance, constitutes gender discrimination. In general, plaintiffs may not challenge private action by means of Section 1983. There must be state action, which on the face of the Complaint, appears to be absent in this case. Judge Cedarbaum simply asked questions of Plaintiff concerning jurisdiction.

4. There is absolutely nothing but conjecture to support Plaintiff's suggestion that the change to an earlier conference date was a conspiracy on the part of the Court to catch him unprepared to address the merits of his case or respond to AER's jurisdictional motion. Plaintiff ¶¶ 4-8. In any event, Plaintiff was not unprepared; he argued his position at length and Judge Cedarbaum permitted him to speak for a substantial period of time.

5. Plaintiff's assertion that the Court somehow improperly "reduce[d] a class action on behalf of thousands of men to a *pro se* case brought by a lone, individual man" is entirely unwarranted. Plaintiff ¶ 14. As a matter of law, Plaintiff is representing himself in this case; thus he is *pro se*. Further, no class has been certified. Thus, this is not yet a class action. The Court's comments on the status of the case accurately reflect its current procedural posture.

---

1 "Plaintiff ¶ ___" refers to the Affirmation of Roy Den Hollander, dated October 7, 2007 and submitted in support of his motion to disqualify Judge Cedarbaum.

They do not reflect Judge Cedarbaum's views on the merits of the case, despite Plaintiff's baseless assumption that these comments somehow demean the lawsuit. Plaintiff ¶¶ 9,14.

6. Judge Cedarbaum's denial of Plaintiff's application to serve as interim class counsel was simply a judicial ruling. Plaintiff futilely tries to convert this judicial ruling into a sinister effort to rob Plaintiff of his opportunity to present oral argument in opposition to the defense motions to dismiss. Plaintiff ¶¶ 9-11. This convoluted argument rests on the Judge's individual rules, which do not provide for oral argument of motions in *pro se* cases. But the Court did not definitively state she would not hold oral argument in this case, where Plaintiff is *pro se* but also is a lawyer admitted to practice in this State. Before appointing class counsel, interim or otherwise, the question of jurisdiction must be resolved to determine whether the case will continue or be dismissed. There is nothing but Plaintiff's imagination to support the assertion that she had ulterior motives in denying his application to serve as interim class counsel.

7. During the conference, The Court set a return date of November 29, 2007 for all the jurisdictional defense motions. According to Judge Cedarbaum's individual practice rules for motions, therefore, the motions must be filed by November 7, 2007. Plaintiff then will have an opportunity to oppose all defense motions at once, by November 21, 2007, rather than submitting one opposition to the motion already filed by AER (the opposition deadline for that motion would have been October 16, 2007) and then file additional piecemeal oppositions to the other defense motions expected to be filed. Judge Cedarbaum did not "short circuit" Plaintiff's time to oppose AER's motion, despite Plaintiff's assertion otherwise. Plaintiff ¶ 7. Instead, she actually provided him with more time to submit written papers than he otherwise would have had.

8. The oral exchange between Judge Cedarbaum and Plaintiff on a fundamental question of law, namely the Court's jurisdiction, absolutely did not exhibit any animus,

3

antagonism or disdain on the Judge's part toward men. Plaintiff ¶¶ 5, 13, 14. Rather, the exchange reflected the Court's concern that it might lack jurisdiction, and she questioned Plaintiff extensively concerning this potential issue. When Plaintiff identified two lower court decisions in support of his position, Judge Cedarbaum invited him to send her those cases, thereby demonstrating her receptiveness to legal authority that supported Plaintiff's premise that the extensive regulation by the State is sufficient to constitute the necessary state action to confer Section 1983 jurisdiction.

9.  Plaintiff's characterization of the Judge as "repeatedly interrupt[ing] him and cut[ting him] off" is inaccurate. Plaintiff ¶ 12. Rather, it was my observation that Plaintiff repeatedly interrupted Judge Cedarbaum, raising his voice in an effort to keep the Judge from finishing her remarks.

10. Plaintiff's accusation that Judge Cedarbaum "was motivated by sexual bias, sexual prejudice, and partiality toward the class of men on whose behalf the male named plaintiff brought this suit" is fantasy. Nothing was said by the Court that possibly could be construed as reflecting discriminatory animus against men. The conference focused solely on the jurisdictional question, not the substance of whether "Ladies Nights" discriminate against men. The accusation that the Judge is sexually biased or prejudiced against men is merely self-serving speculation.

11. This speculation stands in stark contrast to Plaintiff's unrelenting bias against females. Perhaps Plaintiff would prefer a male judge, given his negative stereotypes of women on the Internet, frequently referring to them as "feminazi." The attached Exhibit A includes examples of Plaintiff's invective against women. It is my understanding these "articles" appeared on the Internet. I personally have read diatribes by Plaintiff on the Internet which are entirely consistent with many of the views expressed in this exhibit. Unfortunately, I did not save them because Plaintiff's opinion of women is not at issue in the lawsuit he has brought. Had I

4

known he would level a baseless charge of gender discrimination against Judge Cedarbaum personally, I certainly would have retained them as they unequivocally reflect his misogyny. The articles suggest Plaintiff is challenging Judge Cedarbaum's impartiality simply because she is female, not biased. Plaintiff is the one who is sexually biased, not Judge Cedarbaum.

Dated:  New York, New York
        October 23, 2007

*Deborah Swindells Donovan*
Deborah Swindells Donovan (DD 3421)