Robert S. Grossman, Of Counsel (RG 8043)
ADAM B. KAUFMAN & ASSOCIATES, PLLC
585 Stewart Avenue, Suite 302
Garden City, NY 11530
Tel. (516) 228-8823
Fax (516) 228-8824
Attorneys for Defendant Sol

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Roy Den Hollander

        Plaintiff on behalf of himself and
        all others similarly situated,
v.

Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe
Promoters,
        Defendants.
-----------------------------------------------------------x

Docket No. 07 CV 5873 (MGC)

**DECLARATION OF COUNSEL FOR DEFENDANT SOL IN OPPOSITION TO PLAINIFF'S MOTION TO DISQUALIFY JUDGE CEDARBAUM**

Robert S. Grossman, an attorney admitted to practice in the State of New York and the U.S. Southern District Court of New York, affirms under the penalty of perjury as follows:

1. I am Of Counsel to the firm of Adam B. Kaufman & Associates, PLLC, counsel for the Defendant, Sol, in the above entitled action. I submit this Affirmation in Opposition to Plaintiff's Motion for Disqualification of Judge Cedarbaum and for such other and further relief as this Court deems just and proper.

2. I attended the conference conducted by the Court on or about October 3, 2007 (the "Conference") and as such, I have personal knowledge of the facts and circumstances set forth herein. Initially, I respectfully submit that Plaintiff's case is without any basis in fact or law. However, that issue is being briefed at this time, and will be before the Court on motions to dismiss on or about November 29, 2007. As such, I will refrain from arguing the merits of the matter until those applications are before the Court. However, in no way should the lack of such arguments herein in any way be deemed to be an acknowledgement that the Plaintiff has a claim or a basis for a claim.

3. As the Court may recall, the Plaintiff made an oral application at the Conference for disqualification and the Court denied his application at that time. The instant motion should be one for re-argument, not another motion for disqualification. Nevertheless, should the Court consider the instant motion on its merits, I will briefly respond. In an effort to avoid unnecessarily burdening the record, having read the Declaration of Deborah Swindells Donovan, Esq. dated October 23, 2007, and the accompanying Memorandum of Law, I join in her opposition to the Plaintiff's motion, and supplement same as set forth herein.

4. Plaintiff's Motion for Disqualification of Judge Cedarbaum was wholly unsupported, and frivolous when made orally at the Conference, and remains unsupported and frivolous and it should be summarily denied. Plaintiff's accusation that Judge Cedarbaum's actions at the Conference were fundamentally unfair and were motivated by sexual bias, sexual prejudice, and partiality toward the class of men whom the plaintiff purports to represent is **without any basis in fact or law**.

5. Plaintiff contends that he was unprepared at the conference to make arguments or present his case and that for forty minutes the court "grilled with unequivocal animosity the plaintiff...." At no point during the scheduling conference did the court "grill" Plaintiff. Rather, Judge Cedarbaum inquired generally as to the authority supporting Plaintiff's claims, which is usual and customary in matters before almost **any** Court, Federal or State. Plaintiff is no stranger to litigation, and as such, I am sure he was aware of this usual and customary practice. In Court, he appeared well prepared to present his position, and provided the Court with various citations of cases that he believed supported his position, and even quoted various statements directly from the cases. He even admitted to having prepared for the Conference - he acknowledged that he was not familiar with certain rules because he did not have time to read them as he was busy reading authority to prepare for the Conference. Indeed, Judge Cedarbaum allowed the Plaintiff a great deal of latitude to present "his" case and invited him to submit authority that he cited in support of his claims even though he had not yet opposed the motion to dismiss filed by counsel for a co-defendant. The motion to

2

dismiss was then adjourned and Plaintiff was permitted **additional** time to respond to the motion, time beyond that set forth in the Court's rules. The foregoing hardly appears to present any bias against the Plaintiff.

6. After the Court adjourned the motion to dismiss to allow counsel for all parties an opportunity to file their respective motions, I asked whether or not the Court would hear oral argument on the motion to dismiss because that the Plaintiff was pro se, and the Court's rules state that oral argument will be heard on all motions "except pro se matters". Individual Practices of Judge Miriam Goldman Cedarbaum, Part 3, subdivision D. In light of the Plaintiff being an attorney and pro se, Judge Cedarbaum indicated that she had not yet decided if she would hear oral argument. She did not rule one way or the other at that time. The Court's rules do not single out the Plaintiff has he claims. They uniformly state that there is no oral argument on certain matters. Nothing more. How the Plaintiff could claim that this uniform rule singles him out, or any group of people (other than pro se litigants) and forms any basis for any part of his application is puzzling.

7. Plaintiff's request regarding class certification was premature, at best. The Court has not yet even determined that it has jurisdiction over the matter, or that a claim even exists. The Court must first determines that a claim exists and that it has jurisdiction to hear the claim. Only then would Plaintiff's ability to represent the "class" become an issue. Furthermore, I do not believe that the Plaintiff meets the necessary criteria set forth in the Federal Rules to qualify as counsel for any "class". See FRCP 23 (g). Plaintiff "took a shot" (in his own words) and "put the cart before the horse."

8. Notably, during the Conference, the Plaintiff asked the Court a *legal* question regarding Federal Rule of Civil Procedure 11 apparently based upon correspondence and a motion served by counsel for a co-defendant. In response, Judge Cedarbaum inquired whether the Plaintiff was familiar with Rule 11. To my surprise, and perhaps the surprise of the

Court, Plaintiff stated that he was not familiar with Rule 11.[1] Judge Cedarbaum indicated that the Plaintiff should be familiar with such rules as an attorney practicing before the Court. Plaintiff disingenuously claims that this statement was a personal attack, an insult and that it was disrespectful. Plaintiff's inquiry was, at best, misplaced as he should have been familiar with the Rule, as should every attorney practicing before the Court. To attempt to shift the focus away from Plaintiff's response, he now attacks the Court. It appears that he is of the belief that the best defense is a strong offense. However, such an attack is inappropriate, misplaced, and again, without any basis in fact or law. My recollection is that it was the Plaintiff who failed to treat the Court with the proper respect and professionalism to the point where Judge Cedarbaum even brought it to the Plaintiff's attention.

9. Several facts are evident by the extensive efforts plainly exhibited by the Plaintiff's Motion and Memorandum of Law – first, that he appears to have a great deal of free time, and second, and more importantly, that the Plaintiff is forum shopping. During the scheduling conference he apparently "tested" the Judge, found that he was not satisfied with the results, and now seeks to find another Court in which to "take a shot." Such forum shopping is improper and should not be allowed. Indeed, Plaintiff's motion fails to present any factual or legal basis to even question the Judge's impartiality.

10. Plaintiff's arguments propounding a denial of due process and fundamental rights are "interesting" and reminiscent of an academic discussion that has no place in the instant motion.

11. In closing, I note that Plaintiff states in his Memorandum of Law as follows:

> If there is any doubt about Judge Cedarbaum's appearance of sexual bias, sexual prejudice, and partiality, just switch the sexes. Consider how the named plaintiff would have been treated had an accident of nature made him a female, and she

---

[1] This Court should also be aware that the Plaintiff has appeared in other litigation in the United States District and Appellate Courts. See e.g. Den Hollander v. Flash Dancers Topless Club, et al. Docket No. 04-6700 (2nd Cir. 2006).

4

> was suing on behalf of thousands of other females because the defendant nightclubs charged with ladies more for admission than guys on 'Men's Nights'.

Plaintiff's Memorandum of Law at page 10-11. While the above statement does not seem to make a clear point, it is clear that Plaintiff fails to realize something so profoundly obvious that if the Judge in this matter were simply another female he would be presented with the same "sexual bias and prejudice". If the Judge were a male, there would be sexual bias and prejudice in the favor of men. The only possibility for a completely impartial judge on that issue would be to scour the remote corners of the world to attempt to locate an androgynous judge that would not have a predilection for either females or males. Obviously, at least to my knowledge, no such person exists.

12. Based upon the foregoing, it is respectfully submitted that the Plaintiff's motion should be denied in its entirety, and that this Court should award such other and further relief as it deems just and proper.

Dated: Garden City, New York
October 24, 2007

S/ *[signature]*
Robert S. Grossman (RG 8043)