UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander

             Plaintiff on behalf of himself and
             all others similarly situated,
     v.

Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe
Promoters,
                Defendants.
-------------------------------------------------------------x

Docket No. 07 CV 5873 (MGC)

**NOTICE OF MOTION TO DISMISS
PURSUANT TO FED.R..CIV.P.
12(b)(6)**

 SIR / MADAM:

       PLEASE TAKE NOTICE that upon the annexed affirmation of Robert S. Grossman, Esq. dated November 7, 2007, and upon the Memorandum of Law submitted herewith, and upon all the pleadings and proceedings heretofore had herein, the Defendant Sol shall move this Court at the United States District Court of the Southern District of New York at 500 Pearl Street, New York, New York, before the **Honorable Judge Miriam Cedarbaum** on the **29th day of November, 2007 at 9:30am** of that day or soon thereafter as counsel can heard for an order:

1.     Dismissing the Complaint with prejudice, Pursuant to Fed. R. Civ. P. 12(b)(6), for failure of the pleading to state a claim upon which relief can be granted;

2.     Awarding Defendant Sol reasonable legal fees for having to defend itself in this baseless action, and for having to make the instant motion;

3.     Awarding Defendant Sol costs and disbursements of this application;

4.     Awarding Defendant Sol such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       November 7, 2007

                       Adam B. Kaufman & Associates, PLLC

                       By: s/ Robert S. Grossman (RG 8043)
                       Robert S. Grossman, Esq., Of Counsel
                       585 Stewart Avenue, Suite 302
                       Garden City, New York 11530
                       516-228-8823

To:    **Plaintiff, pro se**
Roy Den Hollander, Esq.
The Law Office of Roy Den Hollander, Esq.
545 East 14th Street, 10 D
New York, NY 10009
Email: roy17den@gmail.com

**Counsel for Defendant AER Lounge, LLC**
Vanessa R. Elliott
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel: (201) 573-1810
Email: velliott@beattielaw.com

**Counsel for Lotus**
Deborah Swindells Donovan, Esq.
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500 (tel)
Email ddonovan@gordonrees.com

**Possible Counsel for Copacabana (No appearance as of this date)**
Charles B. Linn, Esq.
901 North Broadway
North White Plains, NY 10603
(tel) 914 949 4200
(fax) 914 949 6897
Email: Charles@charleslinn.com

**Possible Counsel for Nightlife Enterprises, L.P. d/b/a China Club (No appearance as of this date)**
Thomas B. Wilinsky
Biancone & Wilinsky, LLP
230 Park Avenue, Suite 606
New York, New York 10169
(212) 661-1888
fax (212) 661-4774
email: TWilinsky@BianconeandWilinsky.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

Roy Den Hollander                                            Docket No. 07 CV 5873 (MGC)

          Plaintiff on behalf of himself and all        **DECLARATION IN SUPPORT**
          others similarly situated,                   **OF MOTION TO DISMISS**
     v.                                              **PURSUANT TO FED.R.CIV.P.**
                                                             **12(b)(6)**
Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe
Promoters,

          Defendants.
-------------------------------------------------------------x

       I, Robert S. Grossman, an attorney admitted to practice in the State of New York and the

U.S. Southern District Court of New York, affirm under the penalty of perjury pursuant to 28

U.S.C. § 1746 the following:

    1.       I am of counsel to the firm of Adam B. Kaufman & Associates, P.L.L.C., counsel for

           the Defendant, Sol, in the above entitled action. I submit this Affirmation in Support

           of Defendant Sol's Motion to Dismiss the Complaint for failure of the pleading to

           state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6) and

           joining with Defendant AER Lounge, LLC ("**AER**") in its motion to dismiss the

           Complaint, for an award to Defendant Sol of reasonable legal fees for having to

           defend itself in this baseless action, and for having to make the instant motion; for an

           award to Defendant Sol for the costs and disbursements of this application; and for

           such other and further relief as this Court deems just and proper.

    2.       Upon information and belief, the Plaintiff in this matter is an attorney licensed to

           practice law before the Courts of New York State and this Honorable Court.  The

           Defendant "Sol" is an establishment in the City of New York operated by  an entity

           as a night club, as, upon information and belief, are the other Defendants named by

           their "trade names".

3.      The Plaintiff claims that the Complaint (copy annexed hereto as Exhibit "A" without

exhibits) alleges that defendant nightclubs, including Sol, have violated the

Plaintiff's civil rights under 42 U.S.C. § 1983 by sponsoring "Ladies' Nights"

wherein admission to the defendants' nightclubs are reduced in price or

complimentary for women, but not for men.  The Complaint alleges as follows

> 4.  The Defendants are nightclubs located in New York City, opened to the
> public, serve alcoholic and non-alcoholic beverages, their operations are
> entwined with the New York State Division of Alcoholic and Beverage Control
> and the New York City Consumer Affairs Department, and the nightclubs, along
> with New York State and the City, benefit from invidiously discriminating
> against the plaintiff class.  The defendants/ promoters act as agents for the
> nightclubs.
>
> 5.  The plaintiff, individually and on behalf of all the others similarly situated,
> both past and future, challenges the practice and policy of the defendants that
> charges men more fore admission than females or makes a man's admission
> more timely or economically burdensome than for females.
>
> 6.  As Exhibit A shows, the defendants allow females in free up to a certain time
> but charge men for admission until that same time, or allow ladies in free over a
> longer time span than men. Examples of defendants' commonly practiced form
> of invidious discrimination against men by New York nightclubs are : "Ladies
> free till Midnight, Gents $10", or "Free for ladies before 12 AM, Guys are free
> before 11PM."

Complaint at ¶¶ 4-6.  See Exhibit "A" annexed hereto.

4.      Assuming the allegations to be true, as is more full set forth in Defendant Sol's

Memorandum of Law, the Plaintiff's Complaint has no basis in law and should be

dismissed.  Indeed, it has been conclusively determined that merely holding a liquor

license is not sufficient grounds for finding state action under 42 U.S.C. § 1983.  The

facts alleged by the Plaintiff in its Complaint are insufficient as a matter of law to

establish the requisite nexus showing that defendants acted under the color of state

law when, assuming the Plaintiff's allegations to be true, the Defendant's hosted

"Ladies' Nights" by simply holding a liquor license issued by New York State.

5.      In a telephone conference with the Plaintiff and counsel for the other Defendants, I

        asked if the Plaintiff would withdraw this action, and he declined to do so, clearly

        indicating his intention to proceed with this litigation.

6.      For the forgoing reasons, it is respectfully submitted that the Complaint be dismissed

        with prejudice, costs and legal fees.

7.      This declaration has been submitted in good faith.

Dated: Garden City, New York
        November 7, 2007

                                    By: s/ Robert S. Grossman (RG 8043)