UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself         Docket No. 07 CV 5873 (MGC)
        and all others similarly situated,        ECF

    -against-                           **CLASS ACTION**
                                            **42 U.S.C. 1983 COMPLAINT**

Copacabana Nightclub,
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, [1] and
Jane Doe Promoters,

        Defendants.
-----------------------------------------------------------x

## Civil Rights, 14th Amendment - Equal Protection Class Action.

1. This is an action brought by the plaintiffs as a class for declaratory and injunctive relief and nominal damages against the defendant nightclubs for the deprivation, under the color of state law, of the plaintiffs' rights as guaranteed by the equal protection clause of the Fourteenth Amendment of the Constitution of the United States.

2. The class action is brought pursuant to 42 U.S.C. § 1983 over which this Court has jurisdiction in accordance with 28 U.S.C. § 1343(3) & (4).

3. The class action is maintainable under Fed. R. Civ. P. § 23(b)(2) because the defendants have acted on grounds generally applicable to the class, thereby making declaratory and injunctive relief and nominal damages appropriate to the class as a whole.

4. The defendants are nightclubs located in New York City, opened to the public, serve alcoholic and non-alcoholic beverages, their operations are entwined with the New York State Division of Alcoholic and Beverage Control and the New York City Consumer Affairs Department, and the nightclubs, along with New York State and the City, benefit from invidiously discriminating against the plaintiff class. The defendants' promoters act as agents for the nightclubs.

---

[1] The defendants are listed by their trade names or "doing business as" names. Their legal business names are Copacabana Nightclub: River Watch Restaurant, Inc.; China Club: Nightlife Enterprises L.P.; Guest House: presently unknown; A.E.R. Nightclub: AER Lounge LLC: Lotus: Lulu's LLC;, and Sol: Presently unknown.

5. The plaintiff, individually and on behalf of all the others similarly situated, both past and future, challenges the practice and policy of the defendants that charges men more for admission than females or makes a man's admission more timely or economically burdensome than for females.

6. As <u>Exhibit A</u> shows, the defendants allow females in free up to a certain time but charge men for admission until that same time, or allow ladies in free over a longer time span than men. Examples of the defendants' commonly practiced form of invidious discrimination against men by New York City nightclubs are: "Ladies free till Midnight, Gents $10", or "Free for ladies before 12AM, Guys are free before 11PM."

7. The class represented by the named plaintiff in this action consists of all men who were admitted to these nightclubs within the passed three years and were charged more than females or their admissions made more burdensome than for females through arbitrarily imposed time restraints.

8. The exact number of members of the class is not known, but it is estimated in the thousands; therefore, the class is so numerous that joinder of all members is impracticable.

9. There are questions of law and fact presented in this action that are common to the entire class and that affect the rights of the class:

    a. Were the members of the class invidiously discriminated against because of their sex by having to pay more money or navigate arbitrarily imposed time restraints in order to gain admission?
    b. Were the defendants acting under color of state law when they discriminated against the class members?

10. The claims of the named plaintiff arise out of the same discriminatory practice and course of conduct by the defendants and are based on the same legal theories as for the entire class. The plaintiff has attended these nightclubs and was charged more than females or had less time for entering a nightclub free of charge or at a reduced price.

11. The named plaintiff is an attorney admitted to practice in New York State and the U.S. District Courts for both the Southern and the Eastern Districts of N.Y., a former litigation associate at Cravath, Swaine & Moore, and is able to conduct this litigation fairly and adequately to protect the interests of the class.

WHEREFORE, the named plaintiff requests that judgment be entered in this action on behalf of himself and all other class members similarly situated as follows:

1. A declaratory judgment that the defendants practice of charging men more for admission than females or making it more timely or economically burdensome on men to gain admission violates the equal protection clause of the Fourteenth Amendment to the Constitution.

2. The defendants be enjoined from continuing their invidiously discriminatory practice against men.

3. Nominal damages to be decided by the Court.

4. And any other relief that is just and proper.

Dated: New York, NY
       June 12, 2007

                                                          _____
                                                          Roy Den Hollander (RDH 1957)
                                                          Attorney for plaintiffs
                                                          545 East 14 Street, 10D
                                                          New York, NY 10009
                                                          (917) 687 0652