UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander

        Plaintiff on behalf of himself and
        all others similarly situated,        No. 07 CV 5873 (MGC)

    v.

Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe        Judge: Miriam G. Cedarbaum
Promoters,

        Defendants.
-------------------------------------------------------------x

# MEMORANDUM OF LAW OF DEFENDANT SOL IN SUPPORT OF MOTION TO DISMISS FILED BY DEFENDANT AER LOUNGE, LLC FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Robert S. Grossman, Of Counsel (RG 8043)
ADAM B. KAUFMAN & ASSOCIATES, PLLC
585 Stewart Avenue, Suite 302
Garden City, NY 11530
Tel. (516) 228-8823
Fax (516) 228-8824
Attorneys for the Defendant Sol

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES……………………………………………… | 2 |
| PRELIMINARY STATEMENT…………………………………………… | 3 |
| BRIEF STATEMENT OF FACTS………………………………………… | 4 |
| STANDARD OF REVIEW………………………………………………… | 5 |
| LEGAL ARGUMENT……………………………………………………… | 6 |
| CONCLUSION…………………………………………………………… | 14 |

## **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                           <u>Page</u>

<u>Bolt Elec., Inc. v. City of New York</u>, 53 F.3d 465 (2d Cir. 1995)………………………   5

<u>Burton v. Wilmington Park Authority</u>, 365 U.S. 715 (1961)……………………………   6-7

<u>Conley v. Gibson</u>, 355 U.S. 41 (1957)……………………………………………………   5

<u>Craig v. Boren</u>, 429 U.S. 190 (1976)……………………………………………………   12-13

<u>Flagg Bros., Inc. v. Brooks,</u> 436 U.S. 149 (1978)…………………………………………   9

<u>Friedl v. City of New York</u>, 210 F.3d 79 (2d Cir. 2000)…………………………………   5

<u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990)…………………   10-12

<u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345 (1974)………………………………..   3

<u>Moose Lodge No. 107 v. Irvis</u>, 407 U.S. 163 (1972)……………………………………   7-8

<u>Powe v. Miles</u>, 407 F.2d. 73 (2d Cir. 1968)………………………………………………   8-9

<u>Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.</u>,

    748 F.2d 774 (2d Cir. 1984)……………………………………………………   5

<u>Seidenberg v. McSorleys' Old Ale House, Inc.</u>, 317 F.Supp. 593 (1970)…………………   12

## **OTHER**

42 U.S.C. § 1983……………………………………………………………………………..   3, 6

Fed.R.Civ.P. 12(b)(6)………………………………………………………………………   3, 5, 13

**PRELIMINARY STATEMENT**

The Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to the Federal Rule of Civil Procedure § 12(b)(6). Indeed, assuming all of the allegations as true, there are simply no facts that would support a finding of state action necessary to maintain a claim of discrimination brought under 42 U.S.C. § 1983.

The Plaintiff alleges that "Ladies' Nights" events, which may result in different charges upon admittance for men and women during certain hours, are discriminatory, and that there is "state action" based upon the Defendants having liquor licenses. Yet, assuming all of the allegations of the Plaintiff to be true, the Plaintiff has failed to show that the actions of any of the other defendants in sponsoring "Ladies' Nights" events are *significantly involved* with the State of New York aside from simply stating that Defendants are licensed to sell alcohol. The United States Supreme Court and federal courts have held that merely holding a license from a state agency does not create a "…sufficient nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself" to support liability against a private individual for discrimination under 42 U.S.C. § 1983. Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). As such, it is respectfully submitted that the instant litigation should be dismissed.

This Memorandum of Law is submitted in support of the Motion to Dismiss filed by Defendant AER Lounge, LLC on or about September 28, 2007.

## **BRIEF STATEMENT OF "FACTS"**

Since the Court must assume the Plaintiff's allegations to be true when considering the instant motion, the Plaintiff alleges as follows in the Complaint:

> 4. The Defendants are nightclubs located in New York City, opened to the public, serve alcoholic and non-alcoholic beverages, their operations are entwined with the New York State Division of Alcoholic and Beverage Control and the New York City Consumer Affairs Department, and the nightclubs, along with New York State and the City, benefit from invidiously discriminating against the plaintiff class. The defendants promoters act as agents for the nightclubs.
>
> 5. The plaintiff, individually and on behalf of all the others similarly situated, both past and future, challenges the practice and policy of the defendants that charges men more for admission than females or makes a man's admission more timely or economically burdensome than for females.
>
> 6. As Exhibit A shows, the defendants allow females in free up to a certain time but charge men for admission until that same time, or allow ladies in free over a longer time span than men. Examples of defendants' commonly practiced form of invidious discrimination against men by New York nightclubs are : "Ladies free till Midnight, Gents $10", or "Free for ladies before 12 AM, Guys are free before 11PM."

Complaint filed with the Court at ¶¶ 4-6. Assuming these allegations to be true for the purpose of this motion only and without any concession, as is more fully set forth below, it is respectfully submitted that based upon the lack of significant state action in the challenged activity, this action should be dismissed.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) ensures that the courts focus solely on matters of law and the legal questions presented in the Complaint to make certain that the "harm" of which the plaintiff complains is in fact a legally cognizable harm. *See* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A motion to dismiss should be granted if "'it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.'" Id. It requires that a District Court accept all factual allegations in the complaint as true and view all inferences in a light most favorable to the plaintiff. Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (citations omitted); Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995). Since a motion to dismiss pursuant to Rule 12(b)(6) determines the legal viability of a complaint, the court should not "assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). Assuming all allegations in the Complaint to be true, the pleading simply fails to state a cause of action, and must be dismissed.

## **LEGAL ARGUMENT**

Assuming all allegations of the Plaintiff to be true for purposes of this motion, without any concession as to the truth of the allegations, there is simply no basis for the instant action. The Complaint dated June 21, 2007 ("Complaint") is insufficient as a matter of law to support a claim for discrimination against Defendant Sol, a private entity, or any other Defendant, which are also, upon information and belief, privately owned entities, which operate nightclubs simply by virtue of having a liquor licenses while "Ladies' nights" events occurred at their respective premises.  The Plaintiff appears to be claiming that "Ladies' Night" events are discriminatory in that men are charged normal entrance fees while women may be charged a discounted fee, or no fee, or because women are allowed entry into the Defendants' respective establishments for free for longer periods of time than men.  Notably, Plaintiff does not claim that he was denied entrance or any service, that he was charged a higher than normal fee for entrance, or that he was denied service of alcohol, or that he was charged a higher than normal fee for service of alcohol. While it is respectfully submitted that the conduct in and of itself is **not** discriminatory, the Court need not reach that issue, as the specific conduct does not reach the threshold of involving state action.

In order to maintain a cause of action under 42 U.S.C. § 1983, a private individual or entity's purported discriminatory actions must be entwined with that of the state so that the state is found to be *significantly involved* in such actions in order for a private person to be liable for their discriminatory conduct.

> It is clear, as it always has been since the Civil Rights Cases, supra, that "Individual invasion of individual rights is not the subject-matter of the amendment," at p. 11 [citing to Cooper v. Aaron, 358 U.S. 1 (1958)], and **that private conduct abridging individual rights does no violence to the**

>**Equal Protection Clause unless to some significant extent the State in any of its manifestations has been found to have become involved in it.** Because the virtue of the right to equal protection of the laws could lie only in the breadth of its application, its constitutional assurance was reserved in terms whose imprecision was necessary if the right were to be enjoyed in the variety of individual-state relationships which the Amendment was designed to embrace.

Emphasis added.  Burton v. Wilmington Park Authority, 365 U.S. 715, 722 (1961). State action has been defined where "the state has so far insinuated itself into a position of interdependence with [the private party-defendant] that it must be recognized as a **joint participant** in the **challenged activity**." Emphasis added.  Id. at 725.

Almost thirty five years ago, the United States Supreme Court held in the case of Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972) as follows:

>The [Supreme] Court has never held, of course, that discrimination by an otherwise private entity would be violative of the Equal Protection Clause if the private entity receives any sort of benefit or service at all from the State, or if it is subject to state regulation in any degree whatever. Since state-furnished services include such necessities of life as electricity, water, and police and fire protection, such a holding would utterly emasculate the distinction between private as distinguished from state conduct set forth in The Civil Rights Cases, supra, and adhered to in subsequent decisions. Our holdings indicate that where the impetus for the discrimination is private, the State must have 'significantly involved itself with invidious discriminations,' Reitman v. Mulkey, 387 U.S. 369, 380, 87 S.Ct. 1627, 1634, 18 L.Ed.2d 830 (1967), in order for the discriminatory action to fall within the ambit of the constitutional prohibition.

Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972).

In the instant case, Plaintiff alleges that merely because Defendants hold licenses to serve alcoholic beverages issued by New York State, their *entire operations* are entwined and this Court should find that New York State and the City of New York are "joint participants" with each of the Defendants in all respects of the operation of each Defendant's business.  Yet, the

Plaintiff has failed to offer any basis that would create a sufficient nexus between the City and State of New York and any Defendant that would amount to state action.

It has been definitively held that while states have extensive power to regulate in detail the liquor dealings of its licensees, "it [regulation of liquor dealings] cannot be said to in any way foster or encourage …discrimination. Nor can it be said to make the State in any realistic sense a partner or even a joint venturer in the club's enterprise." Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 176-177 (1972). In Moose Lodge, the Supreme Court of the United States held that the operation of a state's regulatory scheme enforced by the state liquor board did not sufficiently implicate the state in the discriminatory guest policies of a private club as to make those practices state action within the purview of the Equal Protection Clause. In the instant case, Plaintiff has alleged nothing to indicate that the State of New York or City of New York has any other interaction with the Defendants other than providing liquor licenses. Nothing.

Furthermore, the alleged practices of charging discounted entrance fees for women during certain pre-scheduled events is not in any way entwined with the liquor license. Indeed, the Defendant does not even claim that he was declined service of any alcoholic beverage or that he was charged a different rate than any Defendant's normal rate. He does not complain that he was denied entry to the Defendants' establishments based upon his gender either. Rather, he only complains that he did not pay the same discounted entrance fee that he believes that women may have paid. The entrance fees charged by the Defendants are not in any way entwined with state action.

In Powe v. Miles, the Second Circuit Court of Appeals stated "…the state must be involved not simply with some activity of the institution, alleged to have inflicted injury upon the

person of the plaintiff, **but with the activity that caused the injury**.… [T]he state action, not the private, must be the subject of the complaint." Emphasis added. Powe v. Miles, 407 F.2d. 73, 81 (2d Cir. 1968). In Flag Bros. v. Brooks the United States Supreme Court refined this standard asserting that in addition to acting under the color of the challenged statute, plaintiff must establish that the private party's actions are properly attributable to the State as follows:

> Here, respondents allege that Flagg Brothers has deprived them of their right, secured by the Fourteenth Amendment, to be free from state deprivations of property without due process of law. Thus, they must establish not only that Flagg Brothers acted under color of the challenged statute, but also that its actions are properly attributable to the State of New York.

Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978). The Court further stated that actions are to be attributed to the State only if the State compelled the actions and not where the State merely established the process by statute or regulation under which the private party acted. The Court stated that it "however, has never held that a State's mere acquiescence in a private action converts that action into that of the State." Id. at 164.

In the instant case, Plaintiff does not allege that the actions of the New York State Division of Alcoholic and Beverage Control or the New York City Consumer Affairs Department are discriminatory. Rather, he alleges that the "promotional activities" of the defendants, which did not deny the Plaintiff goods or services, are discriminatory. Since neither New York State nor any of the entities, municipalities or regulatory bodies associated therewith have compelled the defendants to engage in any discriminatory action there is no state action for which the defendant nightclubs can be held accountable under the Fourteenth Amendment of the Constitution. Furthermore, the Plaintiff has failed to provide a basis for any finding that any statute or regulation of the State or City of New York relating to the actions of the defendants

9

encourages discrimination against him because of his gender or that the State or City of New York benefits in any way from defendants promotional activities.

More recently, the Second Circuit Court of Appeals in <u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990), held that the exclusion of an individual from a privately owned racetrack, a heavily regulated enterprise, did not involve state action. In <u>Hadges</u>, the Plaintiff argued extensive state involvement as follows:

> In arguing that the State was a joint participant in YRC's enterprise, Hadges takes us on a guided tour of Yonkers Raceway, highlighting instances of the State's allegedly pervasive presence: at the door, State law requires YRC to collect an admission tax, N.Y.Rac. Pari-Mut. Wag. & Breed. Law § 306 (McKinney 1984), and regulates the price of admission, N.Y.Comp.Codes R. & Regs. tit. 9, § 4101.26 (1985); at the betting windows, the Racing Board supervises all gambling activities, N.Y.Rac. Pari-Mut. Wag. & Breed. Law § 305 (McKinney 1984), and the State Tax Commission oversees the financial aspects of gambling, *id., §§ 306*, 316 (McKinney 1984 & Supp.1990); on the track and in the stands, the State has exclusive power to issue licenses to all track personnel, from vendors to veterinarians, *id.,* § 309; and, at the finish, YRC generates significant tax revenues for the State, and the State awards YRC tax credits.

<u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990). The Plaintiff in the instant action argues similar, or less involvement with the Defendants' businesses. In Hadges, the Court noted that

> While *Burton* cautions courts to search for "nonobvious involvement of the State in private conduct," *id.* at 722, 81 S.Ct. at 860, we do not believe that appellant's tour of Yonkers Raceway reveals the nature or extent of state involvement that was present in *Burton.* In contrast to *Burton,* the State in the instant case does not have a proprietary interest in Yonkers Raceway. *See id.* at 723, 81 S.Ct. at 860-61; *see also Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 175, 92 S.Ct. 1965, 1972, 32 L.Ed.2d 627 (1972) (symbiotic relationship test not satisfied where site of challenged action owned by private party). Yonkers Raceway was purchased and is maintained by private, not public, dollars. The State in the instant case also does not own a neighboring, interlinked business, and consequently lacks as direct a financial stake in YRC's success as was present in *Burton. See Burton,* 365 U.S. at 724, 81 S.Ct. at 861.

<u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990). Similarly, in the instant action, the Plaintiff does not argue that the State has a proprietary interest in the Defendant Sol, or any other Defendant. The Defendant Sol is owned and maintained by private individuals, as

are, upon information and belief, the other Defendants are as well. There is no allegation that the State even has any interest in any of the Defendants or in neighboring businesses. The Court in Hadges further noted that the Plaintiff argued regulatory control of the enterprise equaled state action as follows:

> Lastly, Hadges argues that the State's regulatory control over YRC satisfies the symbiotic relationship test. Subsequent to *Burton,* however, the Supreme Court enunciated the close nexus test as the standard for determining whether state regulatory control qualifies as state action. *See Jackson,* 419 U.S. at 351, 95 S.Ct. at 453-54 (1974). Hadges's regulatory argument is therefore more appropriately analyzed under *Jackson. See id.; see also Bier v. Fleming,* 717 F.2d 308 (6th Cir.1983), *cert. denied,* 465 U.S. 1026, 104 S.Ct. 1283, 79 L.Ed.2d 686 (1984); *Fulton v. Hecht,* 545 F.2d 540 (5th Cir.) *cert. denied,* 430 U.S. 984, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977).

Hadges v. Yonkers Racing Corporation, 918 F.2d 1079 (2nd Cir. 1990). The Second Circuit Court of Appeals analyzed the relationship as follows:

> While the symbiotic relationship test focuses on the state's overall relationship with the private actor, the close nexus test specifically examines the state's link to the challenged action. *See Jackson,* 419 U.S. at 351, 95 S.Ct. at 453-54. Hadges does not contend that a State official was directly involved in YRC's denial of Hadges's request.[FN3] Instead, Hadges offers three other arguments to support his theory. Specifically, Hadges contends that the State's pervasive regulatory control over YRC, the State's alleged delegation, via N.Y.Comp.Codes R. & Regs. tit. 9, § 4119.8 (1985), of its authority to exclude undesirable persons from Yonkers Raceway to YRC, and YRC's sometime monopoly over harness racing in the New York metropolitan area satisfy the close nexus test. We believe that these arguments are untenable because in each instance the State's link to the challenged action is too tenuous to fall within *Jackson.*
>
> FN3. In the Reply Brief and again at oral argument, Hadges stated that, "at this stage of the litigation," he had no evidence that a State official influenced YRC's decision, but suggested that we remand for further discovery on this issue. Under section 1983, however, appellant bears the burden of proof on the state action issue. *See Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 4732-33, 56 L.Ed.2d 185 (1978). As such, to defeat YRC's motion for summary judgment, which was supported by an affidavit from a YRC representative stating that no State official had taken part in YRC's decision, Hadges would have had to "set forth specific facts showing that there [was] a genuine issue for trial." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). Because he did not produce any such facts, remand for further discovery would be inappropriate.

In *Jackson,* Metropolitan Edison ("Metropolitan"), a privately-owned utility, terminated Jackson's electricity because plaintiff's account was in arrears. *See Jackson,* 419 U.S. at 346-47, 95 S.Ct. at 451-52. Plaintiff filed suit pursuant to section 1983

11

> claiming that the termination constituted state action depriving her of property without due process of law. *See id.* at 347-48, 95 S.Ct. at 451-52. Jackson's state action claim rested on the state's extensive regulation of the utility, the monopoly status that the state had allegedly conferred upon Metropolitan, the essential nature of the utility service, and the state's alleged approval of Metropolitan's termination practice. *See id.* at 351-55, 95 S.Ct. at 453-56. The Court found that the state's involvement in Metropolitan's affairs was insufficient to create a "close nexus" between Metropolitan and the state such that "the action of the [utility] may be fairly treated as that of the State itself." *Id.* at 351, 95 S.Ct. at 453.
>
> ***Jackson* specifically refutes appellant's contention that the presence of state regulation alone transmutes a private actor's conduct into state action.** *See id.* at 350, 95 S.Ct. at 453. As mentioned above, there is no evidence that a State official participated in YRC's decision to deny Hadges's application. The district court, therefore, correctly distinguished the instant case from *Fitzgerald v. Mountain Laurel Racing, Inc.,* 607 F.2d 589 (3d Cir.1979), *cert. denied,* 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 814 (1980), in which the Third Circuit held that if a State official "personally and actively participated" in a racetrack's decision to expel a driver, state action existed. *Id.* at 599. Although YRC's denial of Hadges's application was based in part on the State's suspension of Hadges's license, YRC did not act at the behest of a State official and was not enforcing a violation of State racing law. Thus, the line between the State, as regulator of the harness racing industry, and YRC, as a private corporation acting in what it believed to be its own best interest as well as the best interest of the harness racing industry, remained distinct. As such, appellant's regulatory argument fails under *Jackson. See Jackson,* 419 U.S. at 350, 95 S.Ct. at 453.

Emphasis added. <u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990). Similarly, it is respectfully submitted that "the State's link to the challenged action is too tenuous" in the instant matter to be considered "state action".

In contrast, **refusal** of service of liquor, which service is only permitted under license, has been held to be discriminatory. The Plaintiff will undoubtedly cite <u>Seidenberg v. McSorleys' Old Ale House, Inc.</u>, 317 F.Supp. 593, 598 (1970), in support of the instant action, as well as <u>Craig v. Boren</u>, 429 U.S. 190 (1976). These cases, however, addressed the **refusal/denial** of service of liquor to women and the restriction on the sale of liquor to men and women of different ages. Specifically, in <u>Seidenberg</u> (which was decided two (2) years *prior* to the United States Supreme Court's decision in <u>Moose Lodge No. 107</u>) women plaintiffs were **refused service of alcohol** by the bartender who informed them that it was a one-hundred and fourteen year tradition to refuse to serve women under any conditions. Notably, they were not denied entry or charged for entry into the establishment, or charged any fees different from the fees then

12

being charged to men.  That Court found state action because the state license enabled the service of liquor and the women were deprived of this specific service.  That Court found as follows:

> The reasoning in favor of finding state action is that the state license enables the private licensee to engage in discriminatory conduct in the exercise of its franchise rights…. The license, it is argued, becomes a license to discriminate.

Seidenberg v. McSorleys' Old Ale House, Inc., 317 F.Supp. 593, 598 (1970).  As well, in Craig v. Boren, 429 U.S. 190 (1976), the Court held that a statute which **prevented** the sale of certain alcoholic beverages to men under 21, and women under 18 was discriminatory.  The Court did not address circumstances such as those in the case before this Honorable Court where the alleged discriminatory conduct was unrelated to the actual licensed activity.

Indeed, in the instant case, Plaintiff was not denied service of alcohol or the ability to purchase it, or even charged a higher than usual price for an alcoholic beverage. Rather, Plaintiff complains that he, as a man, was charged the usual fee to gain entry into the Defendants' place of business while women were charged a discounted fee, or the Plaintiff was given less time to gain entry for free.  The state action, if any, lies in the issuance of the license to serve alcohol and the service thereof, not the admission fees, if any, charged by the Defendants.  As such, it is respectfully submitted that there is no basis for finding "state action" in the instant matter, and that it should be dismissed pursuant to Fed R. Civ. Pro. 12(b)(6).

## **Conclusion**

For the foregoing reasons, Defendant Sol, respectfully requests that this Honorable Court dismiss this action with prejudice, award to Defendants reasonable legal fees for having to defend themselves in this baseless action, and for having to make the instant motion, award Defendants the costs and disbursements of this application, and award Defendants such other and further relief as this Court deems just and proper.

Dated: November 12, 2007

        Respectfully Submitted,

        Adam B. Kaufman & Associates, PLLC

        By: s/ Robert S. Grossman (RG 8043)
        Counsel for Defendant Sol
        585 Stewart Avenue, Suite 302
        Garden City, New York 11530
        Tel: (516) 228-8823

Certificate of Service

     Robert S. Grossman, an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court in the Southern District of New York hereby certifies that I have on **November 12, 2007** caused a copy of the **MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT AER LOUNGE, LLC TO DIMISS THE COMPLAINT** to be served upon Plaintiff's counsel and the counsel for the co-defendants who have appeared in this action by causing a true and correct copy thereof to be delivered to said counsel by electronic court filing system of the United States District Court for the Southern District of New York as indicated below:

**Plaintiff, pro se**
Roy Den Hollander, Esq.
The Law Office of Roy Den Hollander, Esq.
545 East 14th Street, 10 D
New York, NY 10009
Email: roy17den@gmail.com

**Counsel for Defendant AER Lounge, LLC**
Vanessa R. Elliott
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel: (201) 573-1810
Email: velliott@beattielaw.com

**Counsel for Lotus**
Deborah Swindells Donovan, Esq.
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500 (tel)
Email ddonovan@gordonrees.com

Dated: Garden City, New York
       November 12, 2007

                                     ADAM B. KAUFMAN & ASSOCIATES PLLC

                                     By: _/S/____Robert S. Grossman, Esq.
                                     Robert S. Grossman, Esq. (RG 8043), Of Counsel
                                     Attorneys for Defendant Sol
                                     585 Stewart Avenue, Suite 302
                                     Garden City, NY 11530
                                     Tel: 516-228-8823