UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself
        and all others similarly situated,      Civil Action No. 07 CV 5873 (MGC)

   -against-

Copacabana Nightclub,
China Club,
Guest House,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants.
------------------------------------------------------------x

## MEMORANDUM OF LAW OF DEFENDANT LOTUS IN OPPOSITION TO PLAINTIFF'S ALLEGED CROSS MOTIONS

Plaintiff has filed an Opposition to Defendants' Rule 12(b)(6) Motions To Dismiss and [in Support of Two] Cross Motions ("Opposition" or "Opp."). His Opposition addresses the Motion To Dismiss filed by Defendant Lotus, among others. Lotus submits this memorandum of law in response to those cross motions and submits that a reply in further support of its Motion To Dismiss the original Complaint is not required. Instead, a new Motion To Dismiss, to dismiss the Amended Complaint, should be filed.

Plaintiff filed an Amended Complaint, docket number 46, on September 26, 2007. The Amended Complaint nullifies the original Complaint, the Defendants' Motions To Dismiss that Complaint and Plaintiff's Opposition thereto. It also renders moot Plaintiff's Cross Motion regarding the timing of the filing of two Defendants' Motions To Dismiss the original Complaint. Opp. at 31. Lotus now is entitled to move to dismiss the Amended Complaint.

Plaintiff's other alleged cross motion against counsel for Lotus is unsupported by law or facts. Opp. at 29-30. It is merely a less than subtle effort to harass Lotus for having argued that his own words reflect bias against women of enormous proportions. The argument was relevant to Plaintiff's baseless efforts to disqualify Judge Cedarbaum, a member of the class against whom Plaintiff is so vituperatively prejudiced. Plaintiff freely accused Judge Cedarbaum of bias against men, without evidentiary support of any kind, in contrast to the documentary evidence, created by himself, reflecting his rampant prejudice against women. Significantly, Plaintiff never has denied writing the offensive essays nor claimed that they do not accurately reflect his view of females. Thus, they are admissions against interest that were relevant to his motion.

But the motion to disqualify Judge Cedarbaum has been decided. Nonetheless, Plaintiff continuously raises Lotus' motion papers, choosing repeatedly to speculate that counsel for Lotus has obtained essays Plaintiff authored by "hacking" into some computer and then distributed them to others. In support of his so-called "hacking" claim, Plaintiff has cited an

inapplicable statute: Title 18, United States Code, Section 1030(a)(2). That statute, however, applies only to financial institutions and consumer credit agencies.

Plaintiff also repeatedly refers to copyright violations, none of which exist here. Not surprisingly, Plaintiff's inflammatory allegation of copyright violations is unsupported by any evidence that he actually possesses a copyright or that, even if he did, statutory or other law support his conclusory claims of infringement. *See, e.g., Orange Cty. Choppers, Inc. v. Olaes Enter., Inc.,* 497 F.Supp.2d 541 (S.D.N.Y. 2007).

## CONCLUSION

For all the foregoing reasons, Defendant Lotus respectfully requests that this Court deny Plaintiff's cross motions in their entirety, and award such other relief as the Court deems appropriate.

Dated:    New York, New York
          November 26, 2007

> Respectfully submitted,
>
> GORDON & REES, LLC
>
> By: *[signature]*
> Deborah Swindells Donovan, Esq. (DD 3121)
> Attorneys for Defendant Lotus
> 90 Broad Street
> 23rd Floor
> New York, New York 10004
> (212) 269-5500