UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander

           Plaintiff on behalf of himself and
           all others similarly situated,         No. 07 CV 5873 (MGC)

    v.

Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe       Judge: Miriam G. Cedarbaum
Promoters,

           Defendants.
-------------------------------------------------------------x

# REPLY MEMORANDUM OF LAW OF DEFENDANT SOL
# IN FURTHER SUPPORT OF MOTION TO DISMISS FOR
# FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Robert S. Grossman, Of Counsel (RG 8043)
ADAM B. KAUFMAN & ASSOCIATES, PLLC
585 Stewart Avenue, Suite 302
Garden City, NY 11530
Tel. (516) 228-8823
Fax (516) 228-8824
Attorneys for the Defendant Sol

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES………………………………………………… | 3 |
| PRELIMINARY STATEMENT………………………………………………… | 4 |
| STATEMENT OF FACTS……………………………………………...……… | 4 |
| LEGAL ARGUMENT………………………………………………………… | 5 |
| CONCLUSION………………………………………………………………… | 11 |

## **TABLE OF AUTHORITIES**

<u>Cases</u>                                                                                                          <u>Page</u>

<u>Craig v. Boren</u>, 429 U.S. 190 (1976)……………………………………………….    8

<u>Edmonson v. Leesville Concrete Co.</u>, 500 U.S. 614 (1991)……………………….   10

<u>Hadges v. Yonkers Racing Corporation</u>, 918 F.2d 1079 (2nd Cir. 1990)………………   10

<u>Seagram & Sons, Inc. v. Hostetter</u>, 16 N.Y.2d 47 (1965)……………………………….   10

<u>Seidenberg v. McSorleys' Old Ale House, Inc.</u>, 317 F.Supp. 593 (1970)………………… 7

## **OTHER**

Fed.R.Civ.P. §15(A)……………………………………………………………………    5

Fed.R.Civ.P. §7(b)(1)……………………………………………………………………    6

**Preliminary Statement**

A brief review of the Plaintiff's opposition to the Defendants' Motions to dismiss reveals that this action is not about what is right or wrong under the law, but about the Plaintiff trying to prove a point. It is respectfully submitted that the instant motions are moot since the Plaintiff[1] filed an *amended complaint* **after** Defendants served and filed the motions to dismiss. The Court should establish a new motion date so that the Defendants can file motions to dismiss the *amended* complaint. In the event that the Court considers the instant motions, it is respectfully submitted that the Plaintiff's memorandum of law alone is insufficient to state any **facts** in opposition to the motion, and as such, the opposition is defective and should be disregarded. As well, the Plaintiff appears to be cross-moving for affirmative relief, and yet, he did not file a notice of cross-motion. In that regard, it is respectfully submitted, that the "cross-motion" is defective and should be rejected as well.

Nevertheless, assuming that the Court considers the merits of the Defendants' motions and the opposition of the Plaintiff, it is respectfully submitted that when the smoke clears, the Plaintiff has still failed to state a cause of action, and the Complaint should be dismissed.

**Facts**

Plaintiff did not oppose the Defendants' statement of facts, so I decline to further address any of the "facts" herein.

---

[1] In the instant application, until this Court rules otherwise, the Plaintiff will be addressed as a Plaintiff. While he may enjoy calling this a "class action", he is thus far a lone pro se Plaintiff on a crusade.

**Argument**

**Procedural Issues**

The Defendants' motions are moot, and this Court should set a new motion date. While I commend the yeoman effort that Plaintiff obviously put into the Memorandum of Law in opposition to the Defendants' Motions to Dismiss the Complaint, the service of the amended complaint makes the Defendants' motions and the Plaintiff's opposition moot. We must now start again. It is not disputed that Plaintiff had the right to amend the Complaint since no responsive pleading has been served or filed. FRCP 15(a). However, I respectfully submit that the amendment of the complaint after the filing of the instant motion makes the motion moot. Defendants now have ten (10) days to answer, or move to dismiss the amended complaint. FRCP 15(a) ("A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.").

To proceed on the instant motions which were filed before the amendment of the complaint would prejudice **all** parties. The Plaintiff went from a complaint that consisted of the bare minimum of a pleading, if it even reached the minimum other than by its title and signature (see Exhibit "A" to the moving papers), to a detailed amended complaint that is nine pages of 67 single spaced allegations (See a copy of the amended complaint annexed to the Plaintiff's Memorandum in Opposition) which cannot possibly be addressed herein. Even if I addressed the amended complaint herein, the Plaintiff will not have an opportunity to oppose any argument concerning the amended complaint which would be a basis for Plaintiff to claim that same prejudiced him. As such, it is respectfully submitted that this Court should establish a new

schedule to allow the Defendants to move to dismiss the amended complaint.² The undersigned that the Court take such action by a letter dated November 26, 2007.

Additionally, the purported cross-motions are defective in that the Plaintiff did not serve a notice of cross-motion specifically setting forth the relief that he seeks, and he did not serve any document to state any **facts** entitling him to relief. See FRCP §7(b)(1). The Plaintiff's Memorandum of Law alone is insufficient to provide a basis for the affirmative relief sought by the Plaintiff, and should be summarily rejected as being defective.

In the event that the Court considers the instant motions, it is respectfully submitted that the Plaintiff has failed to state a cause of action, and all of the rhetoric does not turn his personal complaint into a cause of action.

With regard to the filing of the motions, Plaintiff was on notice of the motions and the basis for the Defendants' request to dismiss the Complaint. The motion filed by Defendant AER Lounge (hereinafter "AER") in substance sets forth the arguments made by each of the other Defendants who filed motions. There certainly was no prejudice to the Plaintiff in receiving any of the subsequent motions as he complains. As well, Plaintiff was offered an extension of time to file his opposition, which he declined, instead preferring to continue waging war in this Court over every issue, including technical issues. In addition, should this Court consider the Plaintiff's argument, the undersigned submitted a Memorandum of Law in support of the Motion by Defendant AER, and joins that Defendant in its motion, which was filed in advance of the

---

² For the sake of the instant reply, I will only address the original complaint, not the amended complaint, and will refer solely to the Complaint, a copy of which was annexed to the moving papers, unless otherwise specifically indicated.

deadline argued by the Plaintiff. There is no prohibition or limitation in this Court's rules regarding joining in the motion of another Defendant or such a filing.

**The Substantive Issue**

The Plaintiff does not actually reach the "merits" of his claim and opposition to the motions to dismiss until we reach page 6 of his Memorandum and have already endured several personal attacks. While I find the Plaintiff's attacks distasteful, unprofessional, and disrespectful, I decline to engage him in the banter that he appears to enjoy and I will continue to take the "high road". However, in no way should this be deemed a waiver of the right to respond, or an admission that the attacks hold any truth. By the time we reach page six (6), we have already confirmed that the Plaintiff needs to argue every point, regardless of the merits, simply to "one up" his adversaries and on occasion, the Court. Yet, his "one upsmanship" still does not make a cause of action where one does not exist. The Defendants' motions to dismiss turn on one issue: whether or not there is state action in the acts of the Defendants about which the Plaintiff complains, i.e. the discounted or lack of admission charges for women during certain periods of time that are not applicable to men in exactly the same manner. The merits of the conduct itself are not reached in the instant motions as this Court has not yet determined that this most basic threshold has been reached.

Plaintiff argues that the conduct of the instant Defendants[3] in discounting the admission fees of women is "identical" to the conduct of the Defendants in <u>Seidenberg v. McSorleys' Old Ale House, Inc.</u>, 317 F. Supp 593 (S.D.N.Y. 1970), wherein the Defendants admitted men and women for the same fee or no fee, and simply refused to serve alcohol women. See Plaintiff's

Memorandum of Law in opposition to the Defendants' Motions to dismiss (hereinafter "Plaintiff's Memorandum") at page 6.  It is respectfully submitted that the facts could not be more different. By the Plaintiff's analysis, any and every aspect of the Defendants' businesses, simply by virtue of their having the necessary licenses to operate, makes the Defendants' action into state action. No Court has ever held this to be the case, and the Plaintiff's arguments would indeed turn the Defendants' businesses into the businesses of the State. Perhaps the Plaintiff would prefer some type of communist or socialist infrastructure, but, that is not what exists. Similarly, Craig v. Boren, 429 U.S. 190 (1976), which the Plaintiff heavily relies upon, ruled upon a law setting different minimum ages for the sale of alcohol to men and women, i.e. depriving alcohol to certain people.  Again, the conduct in Craig went directly to the sale of alcohol, not ancillary issues, such as entrance fee charges.

Plaintiff also relies heavily on the Defendants not being exclusively "private" clubs and instead attempts to turn the Defendants into State operated businesses which they are not. While Plaintiff acknowledges that this is a factor, he largely ignores the fact that other than the licensing of the Defendants to conduct business and imposition of certain rules and regulations to be observed, the State has no ownership and no other involvement in the operations of the Defendants.  The State is not a partner and does not profit from the Defendants operations, other than by the payment of licensing fees and taxes which are payable by all business, and the State does not share in the Defendants' losses either.  There is no State assistance, and no more benefits than other business or profession that is licensed. Indeed, the State cannot be said to be a joint participant simply because it has issued a license to a business and established rules and regulations for certain aspects of its operation.  The "disco" business is not a "traditional state

---

[3] For purposes of this Motion, without any admission or concession, it is assumed that the conduct of the Defendants

function" (unless the State is communist), and the "discrimination" is not aggravated by any incident of state authority.

The Plaintiff's reliance on Edmonson v. Leesville Concrete Co., 500 U.S. 614 (1991) is entirely misplaced, as a jury would not exist but for the State and the State operated court system, which is operated in State owned and/or leased buildings which are operated by State employees. Equating the private Defendants to a jury is beyond comparing apples and oranges – there simply is no correlation whatsoever.

While it is acknowledged that the Defendants businesses are more regulated than those for the sale of "bicycles, or cosmetics, or furniture" as noted by the Court of Appeals in Seagram & Sons, Inc. v. Hostetter, 16 N.Y.2d 47 (1965), there are other types of businesses that are regulated to a similar extent, in which Courts have held that there was no state action.  See e.g. Hadges v. Yonkers Racing Corp., 918 F.2d 1079 (2nd Cir. 1990).  Indeed, Plaintiff incorrectly claims that "the discos' every move evinces State authority and control."  Plaintiff's Memorandum at page 12.   Plaintiff also cites to himself, as if the amended complaint provides authority for this Court, which it does not.  The Defendants are not franchises of the State any more than they are franchises of the McDonald's food chain.  The Plaintiff even makes the insurmountable leap to claim that the state has a "proprietary" interest in the Defendants! Again, by this logic, the State would have such an interest in almost any licensed private business, which no court has ever held.

Plaintiff makes further misplaced arguments about the state subsidizing the Defendants and the Defendants' profit margins, none of which have any basis in fact or law, and which

---

as alleged in the Complaint occurred.

should be rejected. As for the "public function" argument, the Plaintiff again cites to himself, as if he is sufficient authority upon which this Court may rely, when he is not. The Evans case is inapplicable as the Plaintiff notes in the first sentence about the case wherein he notes that "a city operated a park that discriminated…" Plaintiff's Memorandum at page 20.  Enough said – the Defendants are not operated by the State or the City.  Plaintiff also claims that Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974) is inapplicable - he claims that supplying utility services is less of a public function than that of the "discos".  As well, the fact that one person has more money than another on any given night is irrelevant, as is any ability to "flirt with the boys for free drinks", to the question of whether or not there is state action in the instant case.

Plaintiff claims that Hadges v. Yonkers Racing Corp., 918 F.2d 1079 (2nd Cir. 1990) is "extremely irrelevant" by an overly narrow reading of case. Indeed, I am not aware of any industry more heavily regulated than gambling, in which the state is often directly involved. Yet, he would most obviously prefer to disregard that case where the Court did not find any state action.

Based upon the foregoing, it is respectfully submitted that the conduct about which the Plaintiff complains is not state action, and that as such, the complaint does not meet the threshold question, and it should be dismissed.

**The "Cross Motions"**

Plaintiff did not serve a notice of cross-motion, and does not cite a single authority in support of his request that an attorney divulge a source of information.  Plaintiff does not deny that he is the author of the "essays".  Rather, he is just apparently annoyed that other people have

read them. The purported cross-motion is similar to the instant action in that there is no basis for either.

The request that the motions by the undersigned and attorney Donovan be rejected is also defective as that request was not set forth in a notice of cross-motion either.  In any case, there was and is no prejudice to the Plaintiff, and he was on notice of the motions since they are based upon the same arguments made by counsel for Defendant AER.  It is respectfully submitted that this Court should consider the Defendants as having joined in the Motion of Defendant AER since all of the motions are on substantially the same legal basis, and deem all motions timely.

**Conclusion**

Based upon the foregoing, it is respectfully submitted that the instant motions are moot since the Plaintiff served and filed an amended complaint after the Defendants served and filed the instant motions, and that this Court should set a new motion schedule to permit the Defendants to move against the amended complaint.  Alternatively, as is more fully set forth above the "opposition" to the Defendants motion is defective, and it is nothing more than smoke and mirrors.  The complaint does not state a cause of action, and this action should be dismissed.

Dated: November 26, 2007

                                                Respectfully Submitted,
                                                **Adam B. Kaufman & Associates, PLLC**

                                                By: s/ Robert S. Grossman (RG 8043)
                                                Counsel for Defendant Sol
                                                585 Stewart Avenue, Suite 302
                                                Garden City, New York 11530
                                                Tel: (516) 228-8823

Certificate of Service

      Robert S. Grossman, an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court in the Southern District of New York hereby certifies that I have on **November 26, 2007** caused a copy of the **REPLY DECLARATION AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DIMISS THE COMPLAINT** to be served upon Plaintiff's counsel and the counsel for the co-defendants who have appeared in this action by causing a true and correct copy thereof to be delivered to said counsel by electronic court filing system of the United States District Court for the Southern District of New York as indicated below:

    **Plaintiff, pro se**
    Roy Den Hollander, Esq.
    The Law Office of Roy Den Hollander, Esq.
    545 East 14th Street, 10 D
    New York, NY 10009
    Email: roy17den@gmail.com

    **Counsel for Defendant AER Lounge, LLC**
    Vanessa R. Elliott
    Beattie Padovano, LLC
    50 Chestnut Ridge Road
    Montvale, New Jersey 07645
    Tel: (201) 573-1810
    Email: velliott@beattielaw.com

    **Counsel for Lotus**
    Deborah Swindells Donovan, Esq.
    90 Broad Street, 23rd Floor
    New York, NY 10004
    (212) 269-5500 (tel)
    Email ddonovan@gordonrees.com

Dated: Garden City, New York
       November 26, 2007

                            ADAM B. KAUFMAN & ASSOCIATES PLLC

                            By: _/S/____Robert S. Grossman, Esq.
                            Robert S. Grossman, Esq. (RG 8043), Of Counsel
                            Attorneys for Defendant Sol
                            585 Stewart Avenue, Suite 302
                            Garden City, NY 11530
                            Tel: 516-228-8823