UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander
                Plaintiff on behalf of himself and     Docket No. 07 CV 5873 (MGC)
                all others similarly situated,           **AMENDED**
   v.                                                   **NOTICE OF MOTION TO DISMISS**
                                                                                  **PURSUANT TO FED.R..CIV.P.**
Copacabana Nightclub, China Club, Guest House,    **12(b)(6)**
A.E.R. Nightclub, Lotus, Sol, and Jane Doe
Promoters,
                Defendants.
-------------------------------------------------------------x

  SIR / MADAM:

       PLEASE TAKE NOTICE that upon the annexed supplemental affirmation of Robert S. Grossman, Esq. dated December 14, 2007, the Notice of Motion to Dismiss the Complaint and Declaration dated November 7, 2007 both filed as docket #33, the Memorandum of Law filed on November 7, 2007 as docket #34, the Memorandum of Law submitted in support of the Motion of Defendant A.E.R. nightclub under docket # 43, the Reply Declaration of Robert S. Grossman dated November 26, 2007 filed as docket #49, and the Reply Memorandum of Law filed as docket #48, and upon all the pleadings and proceedings heretofore had herein, the Defendant Sol shall move this Court at the United States District Court of the Southern District of New York at 500 Pearl Street, New York, New York, before the **Honorable Judge Miriam Cedarbaum** on the **10th day of January, 2008 at 9:30am** of that day or soon thereafter as counsel can heard for an order:

1.    Dismissing the Amended Complaint with prejudice, Pursuant to Fed. R. Civ. P. 12(b)(6), for failure of the pleading to state a claim upon which relief can be granted;

2.    Awarding Defendant Sol reasonable legal fees for having to defend itself in this baseless action, and for having to make the instant motion;

3.    Awarding Defendant Sol costs and disbursements of this application;

4.  Awarding Defendant Sol such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
December 14, 2007

          Adam B. Kaufman & Associates, PLLC

          By: s/ Robert S. Grossman (RG 8043)
          Robert S. Grossman, Esq., Of Counsel
          585 Stewart Avenue, Suite 302
          Garden City, New York 11530
          516-228-8823

To: **Plaintiff, pro se**
Roy Den Hollander, Esq.
The Law Office of Roy Den Hollander, Esq.
545 East 14th Street, 10 D
New York, NY 10009
Email: roy17den@gmail.com

**Counsel for Defendant AER Lounge, LLC**
Vanessa R. Elliott
Beattie Padovano, LLC
50 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel: (201) 573-1810
Email: velliott@beattielaw.com

**Counsel for Lotus**
Deborah Swindells Donovan, Esq.
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 269-5500 (tel)
Email ddonovan@gordonrees.com

Robert S. Grossman, Of Counsel (RG 8043)
ADAM B. KAUFMAN & ASSOCIATES, PLLC
585 Stewart Avenue, Suite 302
Garden City, NY 11530
Tel. (516) 228-8823
Fax (516) 228-8824
Attorneys for the Defendant Sol

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Roy Den Hollander

        Plaintiff on behalf of himself and
        all others similarly situated,
  v.

Copacabana Nightclub, China Club, Guest House,
A.E.R. Nightclub, Lotus, Sol, and Jane Doe
Promoters,
        Defendants.
-------------------------------------------------------------x

Docket No. 07 CV 5873 (MGC)

**SUPPLEMENTAL AFFIRMATION OF ROBERT S. GROSSMAN IN FURTHER SUPPORT OF MOTION TO DISMISS PURSUANT TO FED.R..CIV.P. 12(b)(6)**

      I, Robert S. Grossman, an attorney admitted to practice in the State of New York and the U.S. Southern District Court of New York, affirm under the penalty of perjury pursuant to 28 U.S.C. § 1746 the following:

      1.    I am of counsel to the firm of Adam B. Kaufman & Associates, PLLC, counsel for the Defendant Sol (hereinafter "Defendant"), in the above entitled action. I submit this Supplemental Affirmation in Support of Defendant's Motion to dismiss the Amended Complaint and in Further Support of Defendant's Motion to Dismiss the Complaint, for failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6), and also in further support of the Motion Submitted by Defendant AER Lounge, LLC ("AER").

      2.    Rather then resubmitting a full motion package, I incorporate by reference herewith, in support of this motion to dismiss the Amended Complaint dated November 20, 2007, a copy of which is annexed hereto without exhibits as Exhibit "A", (hereinafter referred to as the "Amended Complaint"), the Notice of Motion to Dismiss the Complaint and

Declaration dated November 7, 2007 both filed as docket #33, the Memorandum of Law in support thereof filed on November 7, 2007 as docket #34, the Memorandum of Law by Defendant Sol submitted in support of the Motion of Defendant A.E.R. nightclub under docket # 43, the Reply Declaration of Robert S. Grossman dated November 26, 2007 filed as docket #49, and the Reply Memorandum of Law filed as docket #48.

      3.      Plaintiff's Herculean efforts in response to the motion to dismiss filed by the Defendant Sol and the similar motions filed by the other defendants are noteworthy, however, the Plaintiff's Amended Complaint still fails to state a cause of action to which he is entitled relief. The Amended Complaint's, consisting of nine (9) pages and sixty-seven (67) single spaced allegations, presents no additional *facts* to supplement the complaint that could warrant relief. Indeed, the Plaintiff appears to have quoted, at length, and/or summarized various portions of the New York Alcohol Beverage Control Law and the Rules of the New York State Liquor Authority providing a comprehensive and thorough "treatise" on the methods by which New York State regulates the sale of alcohol by businesses. In spite of Plaintiff's lengthy Amended Complaint, the claims presented therein fail to establish a cognizable cause of action. The Plaintiff alleges as a result of holding licenses to serve alcoholic beverages issued by the State of New York, *all* of the Defendants' operations are entwined with those of New York State. Plaintiff's attenuated claims fail to show how The State or City of New York affirmatively authorizes or encourages the complained of behavior. Indeed, Plaintiff's claims deal solely with the admissions practices of the Defendants which do not necessitate and are not directly related to the sale or service of alcohol.

      4.      Despite the profundity of information presented in Plaintiff's Amended Complaint with regard to the various laws and rules that apply to those who engage in the sale of alcohol, Plaintiff presents no allegations that would support a finding of state action.

      5.      The Amended Complaint, as with the Complaint, deals solely with the alleged "promotional activities" of the Defendants, which the Plaintiff claims are discriminatory. Even if this is true, promotional activities such as "Ladies' Nights" are entirely outside the ambit of any New York State or City regime that regulates the sale or license to sell alcohol. The

copious detail the Plaintiff uses to explain the various rules of the New York State Liquor Authority and the New York Alcohol Beverage Laws fails to illustrate how the State or City compels, condones or even encourages Defendants to engage in any promotional activities that are entirely unrelated to the sale of alcohol.

6. Plaintiff makes the baseless and unsupported presumption that:

> Without the privilege to retail alcohol, the defendants would not be in a position to discriminate against men because without alcohol virtually no one, except members of temperance unions, would frequent discos. The defendants would soon be out of business.

Amended Complaint ¶ 50.

7. This presumption assumes that all seeking admittance to the Defendants' establishments go there to consume alcohol and do, in fact consume alcohol. Defendant does not require that any person purchase alcohol once admitted to the club and as such, to find a connection between admission policies and the sale of alcohol is a stretch of the imagination.

8. It appears that the foundation for the Plaintiff's complaint rests in paragraph 55:

> Roy Den Hollander, counsel for the putative class and named-plaintiff or class representative, individually and on behalf of all the others similarly situated, both past and future, challenges the practice and policy of the defendants that charges guys more for admission than females or gives males less time than females to enter the defendant discos free or at a reduced price – a form of invidious discrimination against men.

Amended Complaint ¶ 55.

9. It is of paramount importance to note that here, the Plaintiff is not complaining about being denied service of alcohol or even being refused admittance into the Defendants' establishments because of his sex. Rather, plaintiff is caviling about being charged the usual rate and not receiving the discount of a female on certain nights or during certain times for admission to the Defendants' establishments.

10. Plaintiff's use of Seidenburg v. McSorley's Old Ale House, Inc. to support his claim is ineffectual. The fundamental complaint in McSorley's was that the Plaintiff women

where <u>denied service of alcoholic beverages because they were women</u>.  Plaintiff in the instant matter has been denied no such thing.

      11.    It should be noted that in his overzealous effort to make his case, the Plaintiff apparently misstated a proposition of law or confusingly states same in his most recent Memorandum of Law in Opposition to Defendants Rule 12(b)(6) Motions to Dismiss. In quoting <u>Gregory v. Daly</u> Plaintiff cites the language as follows:

> Vague, conclusory, naked, bald assertions and conclusions of law are statements devoid of facts upon which a court could find a civil rights violation. <u>Gregory v. Daly</u>, 243 F.3d 687, 692 (2d Cir. 2001).

Plaintiff Class Memorandum of Law in Opposition to Defendants Rule 12(b)(6) Motions to Dismiss and Plaintiff Class Cross Motions at 4.

      12.    This language would suggest, if there was in fact any discrimination in the instant matter, that the court could find a civil rights violation based in the Plaintiff's summation of the New York State Liquor Rules and Law. Had the Plaintiff quoted the entire passage, it would be abundantly clear as what the Second Circuit intended when stated as follows:

> Nonetheless, "bald assertions and conclusions of law" are not adequate, <u>*Tarshis,* 211 F.3d at 35,</u> and "a complaint consisting [only of] naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, **fails to state a claim under Rule 12(b)(6).**" <u>*Yusuf v. Vassar College,* 35 F.3d 709, 713 (2d Cir.1994)</u> (quoting <u>*Martin v. New York State Dep't of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978)</u>).

<u>Gregory v. Daly</u>, 243 F.3d 687, 692 (2d Cir. 2001) [**emphasis added**].  Indeed, Plaintiff's "bald assertions and conclusions of law", as set forth in the Amended Complaint, are "not adequate". <u>Id.</u>

      13.    It is respectfully submitted that Plaintiff's Amended Complaint fails to add any *facts* to the Complaint, and accordingly, having failed to show state action, the Plaintiff's action should be dismissed for failure to state a claim upon which relief can be granted.

14.     While Plaintiff complains about the date and time of the filing of the Motion of Defendant Sol, it is respectfully submitted that any such issue is moot as the Plaintiff has since filed the Amended Complaint. See Exhibit "A".  There is no dispute that Plaintiff had the right to amend his complaint.  F.R.C.P. 15(a)(1).   Having amended the complaint, the Defendants' time to respond or answer the complaint became moot as the Defendants must now respond to the Amended Complaint.  As is set forth in Federal Rule of Civil Procedure 15(a)(3):

> Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later.

F.R.C.P. 15(a)(3).

In the instant case, the undersigned received a telephone call from the Court advising that the Defendants would have until **December 14, 2007** to supplement their motions to dismiss to address the Amended Complaint, which is being done by this Supplemental Affirmation, and the Notice of Motion being filed herewith, and the other documents which are incorporated into this Motion by reference.  Accordingly, it is respectfully submitted that any issue as to timeliness of the Defendants' motions is moot, and the Plaintiff's arguments regarding same should be disregarded in their entirety.

## Conclusion

15.    The "facts" alleged in the Amended Complaint, like those set forth in the Complaint, are insufficient as a matter of law and do not indicate that Defendants have acted under color of state law or as an agent for the State to discriminate against Plaintiff by the alleged practice of charging usual rates for admission to men and discounted the admission fees for women during certain time periods.

16.    For the foregoing reasons and for those set forth in the other documents incorporated herein by reference, it is respectfully requested that the Amended Complaint should be dismissed with prejudice, and Defendant Sol should be awarded its reasonable costs and legal fees.

17. I hereby affirm that the foregoing statements made by me are true and that this affirmation has been submitted in good faith.

Dated: December 14, 2007

By: s/ Robert S. Grossman (RG 8043)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
Roy Den Hollander

      Plaintiff on behalf of
      himself and all others
      similarly situated,

   v.

Copacabana Nightclub, China Club, Guest
House, A.E.R. Nightclub, Lotus, Sol, and
Jane Doe Promoters,
      Defendants.
-----------------------------------------------------x

**Civil Action No.**

07 CV 5873 (MGC)

**Certificate of Service**

    Robert S. Grossman, an attorney duly admitted to practice law before the Courts of the State of New York and the United States District Court in the Southern District of New York hereby certifies that I have on **December 14, 2007** caused a copy of the **AMENDED NOTICE OF MOTION TO DISMISS WITH DECLARATION OF COUNSEL BY DEFENDANT SOL IN SUPPORT THEREOF** to be served upon Plaintiff's counsel and the counsel for the co-defendants who have appeared in this action by causing a true and correct copy thereof to be delivered to said counsel by electronic court filing system of the United States District Court for the Southern District of New York as indicated below:

    **Plaintiff, pro se**
    Roy Den Hollander, Esq.
    The Law Office of Roy Den Hollander, Esq.
    545 East 14th Street, 10 D
    New York, NY 10009
    Email: roy17den@gmail.com

    **Counsel for Defendant AER Lounge, LLC**
    Vanessa R. Elliott
    Beattie Padovano, LLC
    50 Chestnut Ridge Road
    Montvale, New Jersey 07645
    Tel: (201) 573-1810
    Email: velliott@beattielaw.com

    **Counsel for Lotus**
    Deborah Swindells Donovan, Esq.

    90 Broad Street, 23rd Floor
    New York, NY 10004
    (212) 269-5500 (tel)
    Email ddonovan@gordonrees.com

Dated: Garden City, New York
       December 14, 2007

                ADAM B. KAUFMAN & ASSOCIATES PLLC

                By: _/S/____Robert S. Grossman, Esq.
                Robert S. Grossman, Esq. (RG 8043), Of Counsel
                Attorneys for Defendant Sol
                585 Stewart Avenue, Suite 302
                Garden City, NY 11530
                Tel: 516-228-8823