UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

ROY DEN HOLLANDER,

                      Plaintiff,

- against-

COPACABANA NIGHT CLUB, CHINA CLUB,
GUEST HOUSE, A.E.R. NIGHTCLUB, SOL, and
JANE DOE PROMOTERS,

                      Defendants.
-------------------------------------------------------------------- x

Case No.:07-cv-5873 (MGC)(KNF)

**SUPPLEMENTAL AFFIRMATION OF VANESSA R. ELLIOTT IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

**VANESSA R. ELLIOTT, ESQ.**, of full age, hereby affirms in accordance with 28 U.S.C. § 1746, as follows:

1.     I represent defendant AER Lounge, LLC ("AER") in defense of the above-referenced matter. I submit this supplemental affirmation in support of defendant AER's motion to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

2.     Pursuant to the Court's motion scheduling instructions, in lieu of resubmitting a full motion package, I incorporate by reference here, in support of this motion to dismiss the Amended Complaint, the Affirmation of myself and the Memorandum of Law of defendant AER that were previously filed on or about October 25, 2007 in support of defendant AER's motion to dismiss the initial Complaint.

3.     In response to that motion and similar motions filed by other defendants, plaintiff filed an Amended Complaint. The Amended Complaint fails to add any new "facts" and the nature of the claims presented by plaintiff in the initial Complaint remain unchanged. Rather,

-2-

plaintiff merely expands upon the initial claim of discrimination by including in his Amended Complaint allegations pertaining to the various ways in which the State regulates businesses that sell alcohol. These allegations are presumably taken from plaintiff's reading and understanding of the statutes, rules, and regulations concerning the sale of alcohol.

4. In any case, plaintiff's claims do <u>not</u> involve the sale or service of alcohol at all but rather concern only the prices for admission that the defendant clubs charge to their customers. Customers of these clubs are of course not required to buy alcohol. Once admitted to defendant's club, a customer may <u>or may not</u> drink or buy alcohol.

5. Indeed, none of the new "allegations" in plaintiff's Amended Complaint alter the fundamental fact that the State does not regulate or control the policies of defendant AER concerning the price of admission at a given time or on a given day of the week. The State does not in any way require, promote, or encourage defendant AER to charge to any customer any given price for admission.

6. The Amended Complaint in this matter relies solely upon the fact the State of New York regulates the sale of alcohol and has issued defendant AER a license to sell alcohol for consumption on-premises. However, none of the allegations contained in the Amended Complaint even suggest that the State requires, promotes, or encourages the defendants to conduct ladies' night events or to charge differing prices for admission to men and women.

7. Rather, the basis for the plaintiff's complaint is summarily stated in paragraph 49 as follows:

> The [State] has continued biannually to renew defendants' privilege to retail alcohol for on-premise consumption <u>despite</u> the defendants open discrimination against males by charging them more for admission or making it more timely or economically burdensome for males to enter the discos than for females.
> Amended Complaint at ¶ 9 [emphasis added].

8. Thus, even assuming for purposes of this motion to dismiss that ladies' nights are discriminatory, plaintiff has failed to set forth any allegations that would support a finding that the discrimination in admission is being promoted or required by the State. Rather, plaintiff clearly admits that the State renews the license <u>in spite of</u> the alleged discrimination (assuming for purposes of this motion that there even is any) and not because of it.

9. Indeed, plaintiff further admits that "defendants . . . have the ultimate authority to determine admission practices to their discos." Amended Complaint at ¶ 53. The State does <u>not</u> exercise this authority over defendants.

10. As an aside, plaintiff posits in the Amended Complaint the unsubstantiated "theory" that without a license to sell alcohol, defendants would not be able to discriminate against plaintiff because plaintiff and other customers would not be willing to attend defendant's club if there was no alcohol and defendants would therefore go out of business. Amended Complaint at 50.

11. Plaintiff's "theory" fails to recognize an alternate theory which is that defendant's male customers might not be willing to attend defendant's club if there were no women, or an insufficient number of women, present in the club. Under this theory, male customers may actually be benefit from ladies' nights in other ways and be encouraged to attend the club on those nights.

12. In any case, there is no requirement that any customer, once admitted, drink alcohol. Hence, there is no direct link between the differing admission policies and the service of alcohol.

13. Indeed, plaintiff is not complaining that he has been denied the sale or the service of alcohol because of his sex or even that he has been refused entry to the defendant's club.

Rather, he is complaining only that he has been asked to pay a little bit more than a woman on certain dates and at certain times, in order to gain admittance to the club.

14. It is clear from plaintiff's Amended Complaint that the price charged by defendant AER to men is not so burdensome as to effectively deny them admission. Men and women are both welcome. Women are simply permitted to pay a lesser (or sometimes, no) admission price during certain times on certain dates so as to encourage women to attend the club and thereby presumably encourage men to attend the club.

15. Indeed, plaintiff admits that he did pay the admission price charged to men and that he was permitted to, and did, enter each of the defendants' clubs. Plaintiff could have stayed home and presumably drank for less (since cost seems to be his prime concern).

## Conclusion

16. The factual allegations made in the Amended Complaint, like those made in the initial Complaint, are insufficient as a matter of law to raise any question as to whether defendants have acted under color of state law or as an agent for the State to discriminate against plaintiff and other members of the putative class, by charging different rates for admission to men and women on certain days of the week between certain hours.

17. For the foregoing reasons and for the reasons set forth in my Affirmation and Memorandum of Law submitted to the Court in support of defendant AER's motion to dismiss the initial Complaint, it is respectfully requested that the Amended Complaint be dismissed with prejudice, costs and legal fees.

I hereby affirm that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 14, 2007

-4-

-5-

/s/ Vanessa R. Elliott
_____

By:    Vanessa R. Elliott (VE 4752)
        Counsel for Defendant AER Lounge, LLC
        Beattie Padovano, LLC
        50 Chestnut Ridge Road
        Montvale, New Jersey 07645
        Tel:   (201) 573-1810
        velliott@beattielaw.com