UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself         Docket No. 07 CV 5873 (MGC)
        and all others similarly situated,         ECF

  -against-         **DECLARATION IN SUPPORT**
                                                                    **OF CROSS MOTIONS**

Copacabana Nightclub,
China Club,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants.
------------------------------------------------------------x

    I, Roy Den Hollander, an attorney admitted to practice in the State of New York and the U.S. Southern District Court of New York, declare under the penalty of perjury in accordance with 28 U.S.C. § 1746 the following:

### Cross Motion One

1.   Defendants Sol and Lotus filed the following papers after the Court's deadlines in violation of Judge Cedarbaum's rules:

    a. Defendant Sol's Notice of Motion, Declaration and Memorandum of Law for its motion to dismiss were due by 12 noon on November 7th but were not posted on the ECF system until after 5:00 PM that day.

    b. Defendant Sol also posted on the ECF an additional Memorandum of Law in support of its motion to dismiss on November 12th—five days after the Court's deadline.

    c.    Defendant Lotus's Notice of Motion, Declaration and Memorandum of Law for its motion to dismiss were due by 12 noon November 7th but were not posted on the ECF system until after 7:30 PM that day.

2.    The plaintiff class was prejudiced by the late filings on November 7th because the defendants had cut off five to seven hours of prime research time at the New York County Lawyers library, which closed at 8 PM. The Court had allotted the plaintiff class 13 days to answer the two motions, but the late filings by the defendants had unilaterally reduced the time to 12 days.

3.    Defendant Sol's filing of an additional memorandum of law five days later further prejudiced the plaintiff class by requiring time to review the memorandum to assure it contained nothing substantially new.

## Cross Motion Two

4.    Attorney Grossman filed Sol's Amended Notice of Motion to Dismiss, which contained a Supplemental Affirmation on December 14, 2007.

5.    Defendant Sol's Amended Notice of Motion to Dismiss does **not** contain its own Memorandum of Law, and the Supplemental Affirmation mixes Sol's supplemental legal arguments and legal citations with attorney Grossman's assertions of fact.

6.    Attorney Elliott filed A.E.R. Lounge's ("AER") Supplemental Affirmation on December 14, 2007.

7.    Defendant AER's filing does **not** contain its own Memorandum of Law, and the Supplemental Affirmation mixes AER's supplemental legal arguments with attorney Elliott's assertions of fact.

**Cross Motion Three**

8. Lotus' Supplemental Memorandum of Law contains the following alleged points of law for which attorney Donovan failed to provide legal citations:

   a. The government "must participate in" or be "involved" (p. 1), "establish" or "enforce" (p.3), or "sponsor" (p.6) the discriminatory practice;

   b. "[E]ncouragement, toleration or acquiescence of a private entity's policy [does not] create state action." (p.5);

   c. State action requires "an appearance of government involvement for the average person." (p. 6);

   d. "Burton is outdated…." (p. 6);

   e. "If Plaintiff [class's] ill-conceived theory is applied to restaurants, then "early bird" specials for the elderly or promotions allowing children to eat free would be discriminatory on the basis of age." (p.7);

**Cross Motion Four**

9. When attorney Donovan (represents Lotus) filed her October 24th opposition to the plaintiff class's recusal motion, she attached as an exhibit six essays by the plaintiff class's attorney.

10. None of the essays, except one, are available to the public, and to the class attorney's knowledge, the essays are only located on his personal computer and another computer, which are both connected to the Internet.

11. Attorney Donovan has distributed the copyrighted essays to the defendants in a defamation action that the plaintiff class's attorney is currently prosecuting in state court: Den Hollander v. Fasano and Steinberg, 021283 Cv 06, New York County Civil Court.

12. The defendants in the Civil Court have submitted in their opposition papers the exact same copies with the identical telltale markings as attorney Donovan's copies.

WHEREFORE, the plaintiff class requests:

1. Striking from the record the defendants' papers cited in Cross Motion One above, and the defendants not be allowed to re-do them;

2. Denying the motions to dismiss by defendant Sol (represented by attorney Grossman) and defendant AER (represented by attorney Elliott) for failing to file a memorandum of law with their Supplemental Affirmations or, in the alternative, strike their Supplemental Affirmations with prejudice for improperly mixing fact statements with legal arguments;

3. Striking from Lotus' Supplemental Memorandum of Law (represented by attorney Donovan) the alleged points of law cited in Cross Motion Three above for failing to cite legal authorities;

4. Putting an end to Attorney Donovan and her apparent associates' violations of the law by requiring her to reveal how and when she came by the essays and all others to whom she has provided them and when; and

5. Such further relief as the Court deems just.

Dated: New York, NY  
      December 28, 2007

/S/  
_____  
Roy Den Hollander (RDH 1957)  
545 East 14 Street, 10D  
New York, NY 10009  
(917) 687 0652