UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself         Docket No. 07 CV 5873 (MGC)
        and all others similarly situated,         ECF

    -against-         **MEMORANDUM OF LAW IN SUPPORT OF CROSS MOTIONS**

Copacabana Nightclub,
China Club,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants.
------------------------------------------------------------x

## Cross Motion One

Judge Cedarbaum's rules require the receipt of all motion papers, answer papers and reply papers by noon of the date as determined by the Judge's scheduling order and rules. Individual Practices Judge Cedarbaum, 3. MOTIONS C.

Defendants Sol and Lotus's papers as cited in the Cross Motions Declaration at ¶ 1 were filed after the noon deadline and prejudiced the plaintiff class by unjustly reducing the limited time afforded its attorney to file an opposition to defendant Sol and Lotus's motions to dismiss. (Cross Motion Declaration ¶¶ 1 – 3).

Defendant Sol claims there was no prejudice to the plaintiff class because defendant A.E.R. Lounge ("AER") had already filed its motion, and AER's arguments were the same as those submitted by Sol and Lotus. (Grossman Reply Memorandum p. 6). If that's the case, then defendants Sol and Lotus must concur in this cross motion to have their late filings stricken because their papers add nothing to the argument and only waste the Court's time.

Defendant Sol also advocates a Doctor Who view of time in order to escape the mercilessness of Newtonian physics. If the Court decides to strike Sol and Lotus' late filings, Sol requests from the Doctor's telephone booth to join AER's motion as though time and the deadline had never passed. (Grossman Reply Memorandum pp. 6, 7). But in the real world, missing a deadline to file a motion, and then asking after the deadline to join another party's timely motion is the same as missing the deadline. Sol should simply have asked that when the Judge dismisses the complaint, she does so with respect to all the defendants—but it didn't.

Defendants Sol and Lotus wrongly believe that their prior failure to comply with deadlines was pardoned along with the goofs in their original papers. It was not. The Court did not moot the prior filings on the motions to dismiss; rather it granted the defendants a chance to correct the blatant mistakes in their original motions and replies. All of the papers filed in the motions to dismiss will presumably be considered by the Court,[1] since the Court's directive was to brief any new issues raised by the amended complaint of which there are none—it's still state action and invidious discrimination.[2]

Despite Sol and Lotus' contentions, the Court has not yet absolved their attorneys of failing to meet the Court's deadlines that prejudiced the plaintiff class. The defendants willfully reduced the plaintiff's class's time to answer, which negatively impacted, to a degree, the arguments in the plaintiff class's opposition. That time is gone with the ages, and has not been added back to the plaintiff class's two weeks over the Christmas holidays. A time in which the New York County Lawyers Association's law library was closed for additional days.

---

[1] Attorney Grossman (Sol) specifically included all the papers filed by him in his Amended Notice of Motion to Dismiss. (Grossman Supplemental Affirmation ¶ 14).

[2] Attorney Elliott (AER) states that "the nature of the claims presented … in the initial Complaint remain unchanged." (Elliott Supplemental Affirmation ¶ 3).

The repercussions of the defendants' volitional acts in filing late continue to prejudice the plaintiff class.

The plaintiff class, therefore, requests that the defense documents listed in the Cross Motion Declaration ¶ 1 be stricken from the record without leave to renew.

## Cross Motion Two

Rule 7.1 of the Southern District Court of New York requires that all motions be supported by a Memorandum of Law unless otherwise permitted by the Court.  Willful violation of this rule may be deemed sufficient to deny the requested motion.

A memorandum of law sets forth the legal points and authorities relied on in support of a motion.  Rule 7.1.  An affidavit or affirmation in support of a motion sets forth facts demonstrating the need for the relief sought.  *See e.g.,* Fed. R. Civ. P. 56(e).

Both defendants Sol and AER created bi-gender documents by mixing facts and legal arguments in their Supplemental Affirmations.  So the question is "what are those documents?"— affirmations or law memoranda.  If they're affirmations, then the legal arguments, and with Sol's document its case citations, should be placed in law memoranda, but since there are no accompanying memoranda, the documents violate Rule 7.1.  If they're law memoranda, then as attorney Grossman himself admitted:  a "memorandum of law … is insufficient to state any **facts** …to [a] motion…." (Grossman Reply p. 4, emphasis original), so the documents' factual assertions become nullities and should be stricken from the record.

## Cross Motion Three

Lotus's Supplemental Memorandum of Law alleges a number of legal propositions for which it provides no citations.  (Cross Motion Declaration ¶ 8).   Southern District Rule 7.1 requires that a memorandum of law set "forth the points [legal propositions] and authorities

3

relied upon ….." The legal propositions in Lotus' Supplemental Memorandum of Law that lack a cited authority should therefore be stricken.

### Cross Motion Four

Attorney Donovan's acquisition of the plaintiff class attorney's essays raises serious questions of cyber crime—unauthorized access of computers, 18 U.S.C. § 1030(a)(2).  A thorough reading of the crime statute by attorney Donovan would have avoided her mistaken statement that the statute applies only to financial and credit agencies (Donovan Reply Memorandum p. 3).

Attorney Donovan's impermissible copying, distributing, publishing, and displaying of the essays also raise serious questions of copyright infringement that even attorney Donovan admits are serious by calling the accusations "inflammatory".  Only a serious allegation could inflame a twenty-year veteran of the bar.

The acquisition of the illegally obtained, copyrighted material first came to light before this Court, which chose to do nothing (re: October 29, 2007, letter to the Court).  Now the illegally obtained material and copyright violations are being spread to other courts as an apparent result of inaction by this Court and attorney Donovan's palpable malice against any man who dares exercise his rights in a way she and other feminists do not like.  Even in her Reply Memorandum at p. 2, attorney Donovan engages in emotional railing against the essays and the plaintiff class's attorney—not uncommon for advocates of thought and speech crimes.

Attorney Donovan did volunteer in a letter to the Court to provide any information concerning the essays that the Court directed her to.  The plaintiff class requests that the Court take her up on her offer.

**Conclusion**

For the above reasons the plaintiff class requests the relief stated in the Notice of Cross Motions and such other relief as the Court deems just.

Dated: New York, NY
December 28, 2007

/S/
_____
Roy Den Hollander (RDH 1957)
545 East 14 Street, 10D
New York, NY 10009
(917) 687 0652

5