UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Roy Den Hollander,

        Plaintiff on behalf of himself         Docket No. 07 CV 5873 (MGC)
        and all others similarly situated,        ECF

    -against-                                 **REPLY TO GROSSMAN**
                                          **OPPOSITION TO PLAINTIFF**
                                          **CLASS CROSS MOTIONS**

Copacabana Nightclub,
China Club,
A.E.R. Nightclub,
Lotus,
Sol, and
Jane Doe Promoters,

        Defendants.
------------------------------------------------------------x

## Preliminary Statement

Attorney Grossman (represents Sol) asserts he "expressly reserve[s] the right to respond in the future …." rather than fully responding now to the plaintiff class's cross motions. (Grossman Cross Opposition ¶ 2). Defendant Sol's attorney is trying to create a new procedural right by which he can enter another opposition at some indefinite time in the future. There is no such right, which is why attorney Grossman fails to provide any legal authority in support.

## Cross Motion One Reply

Since attorney Grossman objects to the plaintiff class's request to strike his late filed documents (Grossman Cross Opposition ¶ 3), the Court could do what he previously requested: consider the documents moot.

Attorney Grossman repeats his assertion that the plaintiff class is somehow at fault for following the Judge's Scheduling Order while he adhered to his own time line in contradiction of

the Order. (Grossman Cross Opposition ¶ 4). Such is an argument Orwellian in nature where the one who adheres to the rules is prejudiced while violators are rewarded.

### Cross Motion Two Reply

Attorney Grossman asserts that his late filings of defendant Sol's original notice of motion, declaration, and two memoranda of law are "moot". (Grossman Cross Opposition ¶ 3). He stated the same in his November 26, 2007 letter to the Court and again in his November 26 Reply: "the amended complaint makes the Defendants' motions moot …." (Grossman November 26 Letter; *see* Grossman Reply Declaration ¶ 2). Attorney Grossman's admission that his original motion to dismiss papers, including the original memorandum of law, are moot means they cannot be incorporated into his Amended Notice to Dismiss, which lacks a memorandum of law in violation of S.D.N.Y. Rule 7.1.

Further, if an amended motion to dismiss has the same effect as an amended complaint, then attorney Grossman's amended dismissal motion replaced his original, which means there is no memorandum of law from the original motion to incorporate into the amended motion.

As for attorney Grossman's assertion that his Supplemental Affirmation does not mix legal references and legal argument (Grossman Cross Opposition ¶ 5), the four corners of that document prove him wrong.

### Conclusion

Attorney Grossman once again declares his dedication to "professional courtesies" (Grossman Cross Opposition ¶ 4), but such courtesies do not excuse willful violation of the rules in order to gain an unfair advantage. Fine sounding words are often used to disguise a "win by any means attitude," such as supporting an effort to have this Court decide in the defendants

2

favor because the plaintiff class's attorney chose to exercise his right to free speech outside the courtroom.

Rules of procedure and the Court are based on fairness—a due process requirement, and no sugar-coated rhetoric or Orwellian arguments can justify treating one side differently.


Dated: New York, NY                                          /S/
       January 8, 2008                              _____
                                                    Roy Den Hollander (RDH 1957)
                                                    545 East 14 Street, 10D
                                                    New York, NY 10009
                                                    (917) 687 0652