**MANDATE**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

_____

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand and ten.

PRESENT:   ROSEMARY S. POOLER,
           RALPH K. WINTER,
                   *Circuit Judges*,
           ROSLYNN R. MAUSKOPF,
                   *District Judge.*\*

_____

Roy Den Hollander,

    *Plaintiff-Appellant*,

- v. -

Copacabana Nightclub, China Club, Lotus, Sol, Jane Doe Promoters and A.E.R. Lounge,

    *Defendants-Appellees*,

Guest House and A.E.R. Nightclub,

    *Defendants.*

_____

**JUDGMENT**
Docket No: 08-5547-cv



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC. 21, 2010

The appeal in the above-captioned case from the United States District Court for the Southern District of New York was argued on the District Court record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED in accordance with the opinion of this court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk

Joy Fallek, Administrative Attorney

\*   The Honorable Roslynn R. Mauskopf, United States District Court Judge for the Eastern District of New York, sitting by designation.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

MANDATE ISSUED ON 12/21/2010

08-5547-cv
Den Hollander v. Copacabana Nightclub

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2008

(Argued: August 24, 2009)                                          Decided: September 1, 2010)

Docket No. 08- 5547 - cv

Roy Den Hollander

       Plaintiff-Appellant,

       v.                                                                  No. 08-5547-cv

Copacabana Nightclub, China Club, Lotus, Sol, Jane Doe Promoters and A.E.R. Lounge,

       Defendants-Appellees,

Guest House and A.E.R. Nightclub,

       Defendants.

Before: POOLER and WINTER, Circuit Judges, Judge MAUSKOPF*, District Judge.

       Plaintiff-appellant Roy Den Hollander, individually and on behalf of a putative class of similarly situated men, appeals the Rule 12(b)(6) dismissal of his Section 1983 action brought against several New York City nightclubs for discriminating against men on "Ladies' Nights." See Hollander v. Copacabana Nightclub, 580 F. Supp. 2d 335 (S.D.N.Y. 2008) (Cedarbaum, J.).

       Upon review, we agree with the district court that the Nightclubs were not state actors.

---

    * The Honorable Roslynn R. Mauskopf, United States District Court for the Eastern District of New York, sitting by designation.

Accordingly, we AFFIRM.

      Roy Den Hollander, New York, N.Y., <u>for Plaintiff-Appellant</u>.

      Joseph Salvo, Gordon & Rees LLP, New York, N.Y. (Christopher B. Block, Thomas B. Coppola, <u>on the brief</u>), <u>for Defendants-Appellees</u>

---

Per Curiam:

 The facts of the case are straightforward. During "Ladies' Nights," several New York City nightclubs ("Nightclubs") charge males more for admission than females or give males less time than females to enter the Nightclubs for a reduced price or for free. Den Hollander, who was admitted to the Nightclubs under this admission regime, attributes these pernicious "Ladies' Nights" to "40 years of lobbying and intimidation, [by] the special interest group called 'Feminism' [which] has succeed in creating a customary practice . . . of invidious discrimination of men." Den Hollander filed suit, on behalf of himself and others like him, alleging violation of his equal protection rights pursuant to 42 U.S.C. § 1983.

 Den Hollander alleges that the Nightclubs engage in state action by selling alcohol on their premises under an extensive regulatory system. According to the amended complaint, the Nightclubs operate in New York and are licensed to sell alcohol on their premises. The New York Alcoholic Beverage Control Law (the "ABC Law") closely regulates the manufacture, sale, and distribution of alcoholic beverages in New York, and the New York State Liquor Authority (the "SLA") issues licenses in accordance with and oversees the implementation of the ABC Law.

 The district court dismissed Den Hollander's Section 1983 claim after concluding that the Nightclubs were not state actors. Without action on our part, Den Hollander paints a picture of a

bleak future, where "none other than what's left of the Wall Street Moguls" will be able to afford to attend Nightclubs. Because, however, we agree with the district court that Den Hollander has failed to sufficiently allege state action, we must affirm.

## I. Discussion

We review de novo a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6). Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006). To survive a motion to dismiss, the complaint must set out only enough facts to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"" Id. (quoting Twombly, 550 U.S. at 557).

The only question before us is whether Den Hollander has adequately alleged that the Nightclubs' admission polices constituted state action. To assert a Section 1983 claim, Den Hollander must plead that the Nightclubs' conduct was done under the color of state law. Sybalski v. Independent Group Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam). State action "occurs where the challenged action of a private party is 'fairly attributable' to the state," Logan v. Bennington Coll. Corp., 72 F.3d 1017, 1027 (2d Cir. 1995) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)), which is achieved when a two-prong test is met:

> First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person

> for whom the State is responsible. . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor.

Lugar, 457 U.S. at 937.

*1. Standard of Review*

Before applying this test to the allegations in the complaint, however, we must address Den Hollander's argument that in gender discrimination cases, state action can be established by a showing of a lesser degree of government involvement than in non-discrimination cases. He argues that because "constitutional scrutiny for sex discrimination approaches that for color discrimination," and "it follows that the state action determination in sex cases should also require a lesser degree of government involvement."

We find Den Hollander's pleadings so lacking that even under a lesser standard, he has failed to allege state action. Therefore, it is unnecessary for us to decide if a lesser standard is appropriate for gender discrimination cases. See Weise v. Syracuse University, 522 F.2d 397, 405 (2d Cir. 1975).

*2. State Action*

We analyze this case under both Lugar prongs, which are related, but not redundant. Where the defendant's "official character is such as to lend the weight of the state to his decisions," the two prongs collapse into a single inquiry. Lugar, 457 U.S. at 937. But where, as here, the defendants are "without such apparent authority, i.e., . . . private part[ies]," the prongs diverge. Id.

To prevail under either prong, Den Hollander must allege that the decision to adopt discriminatory admission fees and rules is fairly attributed to the state. We have made clear that a causal link between the harm and the state action is required: "[i]t is not enough . . . for a

4

plaintiff to plead state involvement in <u>some activity</u> of the institution alleged to have inflicted injury upon a plaintiff; rather, the plaintiff must allege that the state was involved with the <u>activity that caused the injury</u> giving rise to the action." <u>Syblanski</u>, 546 F.3d at 257-58 (quotation marks omitted). Under both prongs, this requisite link is lacking.

The causal connection is obviously missing under the first prong, which requires that the deprivation be caused by a privilege or right granted by the state. The alleged deprivation here is discriminatory admission prices, ("The deprivation is males paying more than females or investing more of their time to gain admission."), and the alleged grant by the state is the privilege to sell alcohol. The link Den Hollander suggests is too attenuated to be causal: he argues that the Nightclubs may only charge discriminatory prices because they sell alcohol – without the draw of alcohol, his argument goes, the Nightclubs would not be popular destinations and accordingly, would not be able to charge for admission. Regardless of the veracity of this statement, we cannot agree that the state's liquor licensing laws have caused the Nightclubs to hold "Ladies' Nights;" liquor licenses are not directly related to the pricing scheme.

To plead the second prong, Den Hollander must allege that the Nightclubs are state actors. The actions of nominally private entities are attributable to the state when those actions meet one of three tests: 1. The "compulsion test:" "the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state," 2. The "public function test:" "the entity 'has been delegated a public function by the [s]tate,'" or, 3. The "joint action test"or "close nexus test:" "the state provides <u>significant encouragement</u>' to the entity, the entity is a 'willful participant in <u>joint activity</u> with the [s]tate,' or the entity's functions are '<u>entwined</u>' with state

5

policies." Sybalski, 546 F.3d at 257(emphasis added) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n, 531 U.S. 288, 296 (2001) (citations and internal quotation marks omitted)).

Den Hollander's amended complaint fails under all three tests because Moose Lodge No. 107 v. Irvis directly refutes that a liquor license by itself may form a basis for state action. 407 U.S. 163, 177 (1972). It is with great reluctance that we call attention to a case upholding the constitutionality of discrimination against African Americans, but until the Supreme Court revisits Moose Lodge, we are required to follow its holding. In Moose Lodge, the Supreme Court found no state action in race discrimination in the serving of food and beverages at a private club (i.e. a club only open to its members and their guests). The Supreme Court specifically held that a liquor license is insufficient to establish state action. Den Hollander alleges no basis for state action other than the Nightclubs' liquor licenses, therefore, his complaint is insufficient.

Accordingly we affirm the district court's dismissal of his Section 1983 action against the Nightclubs for gender discrimination.